Marion A. TAYLOR

v.

SHELL OFFSHORE, INC.

Civ. A. No. 87–987–B.

United States District Court,
M.D. Louisiana.

Dec. 5, 1988.

Micahel H. Colvin, Lafayette, La., for plaintiff.

Charles M. Raymond, New Orleans, La., L. Chris Butler, Houston, Tex., for defendant.

RULING ON SHELL OFFSHORE, INC.'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the motion of Shell Offshore, Inc. ("Shell") for summary judgment. No oral argument is required on this motion.

Marion A. Taylor is a former employee of Shell. She resigned from her employment on August 3, 1987. This suit followed on November 10, 1987. Plaintiff contends that Shell discriminated against her because of her sex. She filed this suit under 42 U.S.C. §§ 1981, 1983, 1985 and 2000e. Plaintiff also contends that Shell's actions violate the Fourteenth Amendment to the United States Constitution. In addition, Taylor alleges that Shell's actions violated certain provisions of Louisiana law, including La.R.S. 23:1006 and article 2315 of the Louisiana Civil Code. Taylor admits that she failed to exhaust administrative remedies prior to filing suit under 42 U.S.C. § 2000e. Taylor further admits that there is no diversity of citizenship in this case.

For reasons which follow, the Court finds that defendant's motion for summary judgment should be granted.

A review of the record in this case reveals that the following facts are not in dispute. Shell is a Delaware corporation with its principal place of business located in New Orleans, Louisiana. Marion A. Taylor is a white female resident of Louisiana who resigned her employment with Shell Offshore, Inc. effective August 3, 1987. Marion A. Taylor did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing this suit.

In response to the defendant's motion, the plaintiff has only filed a response to the claims asserted under 42 U.S.C. §§ 1985 and 2000e. Plaintiff also seeks to have the Court exercise its pendent jurisdiction over the state law claims.

The Court finds that plaintiff has failed to state a claim under 42 U.S.C. §§ 1981, 1983 and 1985 and has failed to exhaust remedies under 42 U.S.C. § 2000e. Therefore, plaintiff's suit filed under §§ 1981, 1983 and 1985 must be dismissed. Plaintiff's suit filed under 42 U.S.C. § 2000e is premature and therefore must be dismissed. Because the federal law claims have been dismissed, the Court no longer has jurisdiction to exercise pendent jurisdiction over the state law claims and therefore these claims will be dismissed without prejudice. It is clear that plaintiff has no cause of action under 42 U.S.C. § 1983. There is no state action involved in this case. Furthermore, under 42 U.S.C. § 1981, plaintiff has failed to allege or support any claim on the basis of race. Section 1981 has no application to claims based on sex discrimination. *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Hayden v. Atlanta Newspapers*, 534 F.Supp. 1166, 1168 (N.D.Ga.1982). Thus, plaintiff's claims under §§ 1981 and 1983 must be dismissed. Insofar as plaintiff's claim under 42 U.S.C. § 1985(3) is concerned the Court also finds that plaintiff has failed to show that there is the requisite conspiracy to satisfy the elements of § 1985(3). Section 1985(3) authorizes damages when two or more persons conspire for the purpose of depriving any person of equal protection of the laws. The statute can apply to purely private conspiracies. Thus, an action could have been brought against Shell even though Shell is a private corporation. *Griffin v. Breckenridge*, 403 U.S. 88, 104, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 338 (1971). The issue in this case, however, is whether individual agents or officers of a single corporate entity can form a conspiracy within the meaning of § 1985(3). The Court finds that no conspiracy has been supported by the evidence submitted in connection with this record. In *Nelson Radio & Supply Co. v. Motorola*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953) the Court held that it was necessary to have two persons or entities in order for there to be a conspiracy and that a corporation cannot conspire with itself. The Court further held that the acts of an agent of a corporation are the acts of the corporation. *Id.* at 914. In *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66 (2nd Cir.1976), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976), a case very similar to the case now before the Court, the Second Circuit Court of Appeals, after thoroughly examining plaintiff's claim under 42 U.S.C. § 1985(3), dismissed plaintiff's claim on the grounds that the plaintiff failed to satisfy the threshold requirement of a conspiracy between two or more persons because the corporation's decisions were formulated and carried out by its board of directors, all of whom acted solely within their official capacities. Thus, the Court believes that while the courts are divided on the issue, the weight of the authority would indicate that a defendant corporation could not conspire with itself in violation of the statute. Furthermore, the fact that two or more agents or employees of a single business entity of the size and structure involved in this case participated in a decision to deny the plaintiff certain rights would not fall within the contemplation of § 1985(3). *See, Whitten v. Petroleum Club of Lafayette*, 508 F.Supp. 765, 771 (W.D.La.1981).

■ Finally, the Court finds that plaintiff has failed to exhaust her remedies as required under 42 U.S.C. § 2000e. Plaintiff admits that she has failed to file a complaint with the EEOC and, therefore, plaintiff's claim under 42 U.S.C. § 2000e is premature at this time.

■ There being no federal cause of action remaining in this suit, the Court does not have jurisdiction over the state law claims. Therefore, the state law claims will be dismissed without prejudice.

In summary, the Court finds that plaintiff has failed to set forth a cause of action under 42 U.S.C. §§ 1981, 1983 and 1985(3). The Court further finds that plaintiff's suit under 42 U.S.C. § 2000e is premature since plaintiff has failed to exhaust remedies before the EEOC. The state law claims will be dismissed without prejudice for lack of diversity jurisdiction.

Judgment shall be entered accordingly.