Sandra Lee SCOTT

v.

**PERFORMANCE CONTRACTORS, INC. and Jerry Platt.**

Civil Action No. 95–383–B–M2.

United States District Court, M.D. Louisiana.

Jan. 25, 1996.

## RULING ON THE DEFENDANTS' MOTIONS TO DISMISS

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, the motions are granted.

### BACKGROUND

Sandra Lee Scott brought this suit alleging she was the victim of sexual discrimination and thus entitled to relief under Title VII of the Civil Rights Act of 1964,[1] 42 U.S.C. § 1981, and under state law. The complaint alleges that in April, 1990, Scott was asked to perform sexual favors in exchange for her initial employment, and thereafter to maintain her job thereafter with Performance until she was terminated on March 29, 1993. Scott claims she took action against the alleged sexual advances by complaining to a supervisor, hiring an attorney and, eventually, entering into settlement negotiations. When those settlement negotiations failed, Scott claims she was fired.

On October 26, 1993, Scott filed a formal written charge with the Equal Employment Opportunity Commission ("EEOC"). She filed this suit in United States District Court for the Middle District of Louisiana on April 6, 1995.

### TITLE VII CLAIM

To maintain a Title VII action, a complainant must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice.[2] "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."[3] To proceed in court, the complainant must also receive statutory notice of

Jack M. Dampf, Broussard, Dampf & Edwards, Tera M. Sims, Tera M. Sims & Associates, Baton Rouge, LA, for plaintiff.

Randall Gordon Wells, George L. Clauer, III, Baton Rouge, LA, for defendants.

1. 42 U.S.C.A. § 2000e (West 1994).

2. 42 U.S.C.A. § 2000e–5(e). *See also Price v. Southwestern Bell Tel. Co.,* 687 F.2d 74, 77 (5th Cir.1982).

3. 42 U.S.C.A. § 2000e–5(b). *See also Price,* 687 F.2d at 77.

right to sue, and bring suit within 90 days of such notice.[4]

The exhibits attached to the plaintiff's complaint reveal that she did receive statutory notice of the right to sue and brought suit within 90 days of such notice. At issue, however, is whether Scott timely filed her initial charge with the EEOC. The complaint states: "Within one hundred eighty (180) days of the last occurrence of the acts set forth herein, plaintiff filed charges of employment related sexual harassment against defendants with the Equal Employment Opportunity Commission, a copy of which is attached hereto as 'Exhibit A'." However, the date on Exhibit A (the EEOC charge) is October 26, 1993—more than 180 days after March 29, 1993, the date of termination alleged in the plaintiff's complaint. Thus, there is a conflict between an allegation in the complaint and an attached exhibit.

In ruling on a 12(b)(6) motion, a court must not look beyond the pleadings.[5] All exhibits attached to a complaint, however, are part of the pleadings under Rule 10(c). Well-pleaded factual allegations should be taken as true, but "conclusory allegations and unwarranted deductions of fact" should not.[6] Furthermore, when conclusions of fact made in the complaint are contradicted by an attached exhibit, the appended document controls and dismissal is appropriate.[7]

The plaintiff's complaint makes the conclusory allegation that suit was filed within 180 days of the EEOC charge. However, Exhibit A, the EEOC document attached to the plaintiff's complaint, contradicts this allegation. The date on Exhibit A is October 26, 1993, more than 180 days after the alleged unlawful conduct that culminated in plaintiff's firing on March 29, 1993. Because the plaintiff's conclusory allegation cannot be taken as true, and because the EEOC charge attached to the complaint controls, plaintiff's Title VII claim must be dismissed with prejudice.

## SECTION 1981 CLAIM

The plaintiff has also claimed that as a victim of sexual discrimination, she is entitled to relief under 42 U.S.C. § 1981. Section 1981, however, does not apply to discrimination based on sex.[8] Therefore, plaintiff's section 1981 claim is also dismissed with prejudice.

## STATE LAW CLAIM

Because the claims arising under federal law have been dismissed, the Court will decline jurisdiction over any state law claims alleged in the plaintiff's complaint and dismiss those without prejudice.

Therefore:

**IT IS ORDERED** that the defendants' motions to dismiss be and are hereby **GRANTED.** Judgment shall be entered dismissing the plaintiff's federal claims with prejudice and the state law claims without prejudice.

**4.** 42 U.S.C.A. § 2000e–5(f)(1). *See also Price,* 687 F.2d at 77.

**5.** *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.,* 690 F.2d 489, 499–500 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

**6.** *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974).

**7.** *Associated Builders,* 505 F.2d at 100; *Tucker v. National Linen Serv. Corp.,* 200 F.2d 858, 864 (5th Cir.), *cert. denied,* 346 U.S. 817, 74 S.Ct. 28, 98 L.Ed. 343 (1953).

**8.** *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Taylor v. Shell Offshore, Inc.,* 700 F.Supp. 314 (M.D.La. 1988).