**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-30164
Summary Calendar
_____


SANDRA LEE SCOTT,

Plaintiff-Appellant,

VERSUS

PERFORMANCE CONTRACTORS INCORPORATED
and
JERRY PLATT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CV-383-B)

_____

August 2, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


The plaintiff, Sandra Scott, brought a title VII action, but the district court dismissed because, on the face of the complaint, Scott did not file her charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the last act

---

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complained of.  The last such act was on March 29, 1993.  The EEOC claim attached to the complaint is dated October 26, 1993, more than 180 days later.  As the district court carefully explained, these facts are fatal to the attempted suit.  Although Scott now claims that she filed other, preliminary papers with the EEOC, she is bound by the assertions made on the face of her complaint, against which the motion to dismiss was judged.  It is too late now for her to change the theory on which she brought the action initially.

Scott prayed for relief also under 42 U.S.C. § 1981.  The district court dismissed that claim, and Scott now agrees that she has no cause of action under § 1981.  She claims, however, that the complaint contained a typographical error and that she intended to sue under 42 U.S.C § 1981a.  The employer acknowledges the possibility of an inadvertent error and is willing to have the judgment read as applying only to § 1981.  As the employer points out, however, any action under § 1981a fails for the same reason of untimeliness as does the title VII proceeding.

AFFIRMED.

2