WLD INVESTORS INC., an Illinois Corporation; HRH Group Ltd., an Illinois Corporation; Harvey Hartman, an individual; Rick Hartman, an individual, Plaintiffs–Appellees,

v.

XECOM CORPORATION, a Nevada Corporation, aka Airstar Corporation, Defendant,

and

Joe Lanza, and individual, Defendant–Appellant.

No. 01–55957.

D.C. No. CV–96–00909–AHS.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 10, 2002 *.

Decided May 24, 2002.

Before LAY,** CANBY and PAEZ, Circuit Judges.

## MEMORANDUM ***

Rick and Harvey Hartman owned shares of a now defunct corporation, Select Switch Systems, Inc. ("SSSI"). In need of capitalization, the owners of SSSI stock entered into a Share Purchase Agreement with a corporation, Xecom Corp. ("Xecom"), in which Joseph Lanza was a substantial shareholder. The agreement provided the owners of SSSI would convey their shares of SSSI stock in exchange for an amount of Xecom stock of equal value.

Subsequent to the execution of the Share Purchase Agreement, the former owners of SSSI discovered Xecom could not provide the capital promised. The Hartmans loaned Xecom approximately $250,000 in February 1996. The loan was evidenced by two promissory notes executed by Xecom and two written personal guarantees executed by Lanza.

When SSSI eventually failed, Xecom and Lanza defaulted on the notes and guarantees. The Hartmans also discovered that Xecom and Lanza had made fraudulent misrepresentations in the Share Purchase Agreement. The Hartmans brought suit asserting claims for rescission of the Share Purchase Agreement, damages against Xecom for fraud and breach of the promissory notes, and damages against Lanza for breach of his personal guarantees and as a

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

controlling person of Xecom under California Corporations Code § 25401.

At a June 12, 2000, status conference, the district court set October 30, 2000, as the date for a pretrial conference on the plaintiffs' remaining claims.[1] Prior to the pretrial conference, Lanza failed to submit contentions of fact and law, witness or exhibit lists, or a proposed pretrial order. Lanza also filed no response to plaintiffs' proposed pretrial order. At the pretrial conference, Lanza appeared on his own behalf. He expressed "shock" that his witness and exhibit lists had not been provided to the court by his former attorney.[2]

On October 30, 2000, the court entered a pretrial order. The order recited that Lanza submitted no claims or affirmative defenses; submitted no facts, statements of evidence, or exhibits; and offered no objections to plaintiffs' submitted statements of evidence and exhibits. Following an unsuccessful settlement conference, on December 21, 2000, the court set a trial date of January 30, 2001, for the claims against Lanza.[3]

On January 12, 2001, new counsel for Lanza entered an appearance pro hac vice. On January 25, 2001, Lanza's counsel moved for a continuance. On January 29, 2001, the court vacated the trial date and requested counsel submit new trial date availability.

On March 19, 2001, plaintiffs filed a motion for summary judgment and default judgment. Plaintiffs relied on the uncontroverted facts from the pretrial order and additional evidence. On March 30, 2001,

Lanza filed an opposition to the motion and for the first time filed a motion to amend the pretrial order. On April 27, 2001, the court granted summary judgment against Lanza. Lanza timely appealed.

### Analysis

Under the circumstances presented, Lanza argues this appeal should be treated as a review of a default judgment under Federal Rule of Civil Procedure 55(c). Under that rule, a default judgment may be set aside "[f]or good cause shown." Citing the three-pronged analysis set forth in *Scott v. Performance Contractors, Inc.*, 166 F.R.D. 372 (1996), Lanza asserts he can show "good cause," and, therefore, the district court's order should be reversed.

Lanza, however, identifies the wrong standard for this court to apply in considering the district court's decision to deny the motion to amend the pretrial order. Federal Rule of Civil Procedure 16(e) sets forth the standard for modification of a final pretrial order. Under the rule, a pretrial order may be modified "only to prevent manifest injustice." Therefore, Lanza's arguments that his default was not willful, that plaintiffs would not be prejudiced by a trial, and that his defenses are technically meritorious-even if they were not likely to succeed on their merits-miss the mark and are not persuasive for the purposes of this appeal. The question we must consider is whether Lanza would suf-

1. The court rescinded the Share Purchase Agreement on February 9, 1998, finding "material misrepresentations" by Xecom Corp. This order is not before the court for review.

2. On October 25, 2000, Lanza's counsel withdrew, with permission of the court, pursuant to an agreement between counsel and Lanza authorizing him to withdraw unilaterally.

Counsel's withdrawal came after the date on which pretrial submissions were due pursuant to local court rules.

3. The court ordered default judgment against defendant Xecom Corp. on all claims on November 17, 2000. This order is not before the court for review.

fer "manifest injustice" if the pretrial order is allowed to stand.

The answer clearly is no. As both the plaintiffs and the district court have pointed out, this dispute was litigated for almost four years prior to the court's order granting summary judgment. More to the point, Lanza had over four months notice of the pretrial conference and, as a represented party, certainly can be charged with knowledge of local rules requiring the submission of pretrial materials three weeks before the conference. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir.1989) (holding a client is "considered to have notice of all facts known to their lawyer-agent"). Even after the pretrial order was issued, Lanza waited almost five months-to the very eve of the district court's hearing on plaintiffs' summary judgment motion-to file a motion to amend the pretrial order. Notwithstanding the adverse consequences of the pretrial order on Lanza's ability to mount a defense, adverse consequences for defendants-arising from their own extreme lack of diligence-are hardly the "manifest injustice" Rule 16(e) was designed to allow district courts to prevent.

Lanza argues it was not his lack of diligence that harmed him, but the fact that his attorney failed to file the materials Lanza wished him to. We find this argument unpersuasive. Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Lanza has not alleged any "extraordinary circumstances" which might lead this court to except him from application of this rule. *Cf. Cmty. Dental Servs. v. Tani*, 2002 WL 663886 (9th Cir., Apr.24, 2002). We hold the district court did not abuse its discretion by refusing to modify the pretrial order.[4]

We turn, perfunctorily, to the question of whether the district court erred in granting summary judgment. Summary judgment is appropriate where there is "no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). As noted above, plaintiffs relied in their motion for summary judgment on the undisputed facts set forth in the pretrial order, as well as other facts borne out by evidence in the record. We agree with the district court that Lanza, in response to plaintiffs' asserted facts, raised no triable issue of fact as to his liability. Regarding the breach of contract claims, Lanza offered nothing, not even a personal declaration, in response. Rather, he generally relied on the denials in his answer. This, of course, is insufficient. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (requiring a nonmoving party to "go beyond the pleadings"). Regarding the plaintiffs' claim that Lanza was a controlling person of Xecom corporation, Lanza relied on his general denials and offered a single declaration of a Mr. Daniel Kling to the effect that Lanza was not a controlling person of SSSI. This fell far short of creating an issue of material fact as to whether he was a controlling person of

---

4. Generally, clients such as Lanza are not without remedy. "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malprac-

tice." *Link*, 370 U.S. at 634 n. 10, 82 S.Ct. 1386. Whether this will be true in this case is not our concern; we must only determine whether the district court erred by refusing to modify the pretrial order.

Xecom. On the facts before the district court, as we can determine them from the record on appeal, we hold the district court properly found the plaintiffs entitled to judgment as a matter of law.

AFFIRMED.