Margaret PRICE, Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.

No. 81–2476

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1982.

Rehearing Denied Oct. 28, 1982.

---

Margaret Price Seiferman, pro se.

Tim Gonzales, Dallas, Tex., Tracy Crawford, Mike A. Hatchell, Tyler, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This *pro se* appeal by Margaret M. Price arises out of a sex-based employment discrimination suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against Southwestern Bell Telephone Company (Bell). Bell moved to dismiss the complaint, contending that Price failed to file a proper charge with the Equal Employment Opportunity Commission (EEOC) within the 180-day limit prescribed by 42 U.S.C. § 2000e–5(e), a failure which deprived the district court of subject matter jurisdiction. After converting the motion to dismiss into a motion for summary judgment, the district court rendered judgment in favor of Bell, dismissing Price's complaint. Finding genuine issues of material fact, we reverse and remand.

### Background

Price was employed at Bell's facility in Paris, Texas from August of 1953 until discharged on July 21, 1978, three weeks prior to completing 25 years of service. On the latter date, she was given a letter, dated July 14, 1978, advising that her employment was being terminated for insubordination. On January 10, 1979, within 180 days of being fired, Price met with Edgar Best, an Equal Opportunity Specialist in the Dallas office of the EEOC, to discuss her situation, including the possibility of charging Bell with sex discrimination. Best recorded the factual basis of Price's complaint on an EEOC Form 283.

On January 12, 1979, Gene Renslow, Deputy Director of the Dallas EEOC office, wrote Bell, advising that Price had filed a discrimination charge with the EEOC on January 10, 1979. An official Notice of Charge was enclosed.

On January 17, 1979, Price wrote Best correcting her mailing address and sending various documents to corroborate allegations made during her interview. In this letter, Price refers to an unsuccessful attempt to contact Best by telephone on January 11, 1979, and to her intent to confer with him in the future. On February 5, 1979, Price wrote Best advising that it would take several days before she could compile certain papers for forwarding to his office.

On March 12, 1979, Best mailed Price a draft of a proposed amended charge outlining certain instances of discriminatory treatment. The accompanying cover letter instructed Price to keep the EEOC informed of her current address and directed her to promptly sign and return the charge, under penalty of dismissal if she failed to do so within 30 days.

Price took issue with Best's version of her complaint and did not sign and return the draft. In lieu thereof, Price maintains that in the latter part of March 1979, she sent Best a 110-page chronicle of discriminatory incidents. Delivery of this missive is disputed—Bell maintains the Commission did not receive it while Price insists to the contrary. We find in the record a copy of the first page of this document bearing a date stamp reflecting its receipt by the EEOC Dallas office on March 26, 1979.

The record reflects no EEOC activity in the Price matter between the March 12, 1979 mailing of the amended charge and July 31, 1979, when the Commission sent Price the statutory Notice of Right to Sue. Bell was notified of the EEOC's issuance of the right-to-sue letter. On August 10, 1979, Price filed the instant suit.

Bell moved to dismiss the complaint, asserting that Price failed to file a formal or "perfected" charge with the EEOC within the time prescribed by the Act. The same day the motion was filed, the district court ruled that all matters addressed in Bell's first Request for Admissions were to be deemed admitted under Fed.R.Civ.P. 36 because of Price's failure to file timely written answers or objections. Recognizing that Bell's dismissal motion actually attacked the sufficiency of the Title VII claim, rather than the existence of the requisite subject matter jurisdiction, the district court elected to treat the motion as one for summary judgment and ordered the parties to present evidence in support of their respective positions.[1] Both parties filed affidavits.

Relying almost exclusively on the matters deemed admitted by default,[2] the district

---

1. As we stated in *Northeast Georgia Radiological Associates, P. C. v. Tidwell*, 670 F.2d 507, 510 n.7 (5th Cir. 1982):

   In a Rule 12(b)(6) F.R.Civ.P. motion, the trial court has complete discretion in considering materials outside the pleadings. When materials are accepted outside the pleadings, the trial court must convert the Rule 12(b) motion into a Rule 56 motion for summary judgment. *Carter v. Stanton*, 405

U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Bossard v. Exxon*, 559 F.2d 1040 (5th Cir. 1977), *cert. denied*, 435 U.S. 934, 98 S.Ct. 1510, 55 L.Ed.2d 532 (1978). *See*, Wright & Miller, *Federal Practice and Procedure*: Civil §§ 1367 & 2713 (1973).

2. Bell asked Price to admit or deny the following statements:

court determined that Price had not filed a proper charge within 180 days of the alleged unlawful employment practice. The court further concluded that the facts presented in Price's affidavit did not suffice to toll the statutory time requirements and that, in any case, the doctrine of equitable tolling was inapplicable in this factual setting. On the basis of these findings, the district court entered summary judgment in Bell's favor.

Price invites our review of her claim on the merits, an invitation we must decline. More appropriately, we consider whether the district court erred in granting summary judgment to Bell on the grounds that Price failed to lodge a legally sufficient charge within the statutory time limit and whether the doctrine of equitable tolling is applicable in the factual scenario presented by this case.

### Sufficiency of Charge

■ To maintain a Title VII action a complainant must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice, 42 U.S.C. § 2000e–5(e), and receive the statutory notice of right to sue, § 2000e–

5(f)(1); *Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.*, 678 F.2d 1211 (5th Cir. 1982). A charge must "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires," § 2000e–5(b). The verification requirement is designed to protect an employer from the filing of frivolous claims. *See Weeks v. Southern Bell Telephone & Telegraph Co.*, 408 F.2d 228 (5th Cir. 1969).

■ EEOC regulations in effect in January of 1979 provided that a charge consisting of a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" would be considered "sufficient." 29 C.F.R. § 1601.12(b) (1979). Furthermore, a defective charge could be "amended to cure technical defects or omissions, *including failure to verify the charge*, or to clarify and amplify allegations made therein. Such amendments . . . will relate back to the date the charge was first received. . . ." *Id.* (emphasis added). This liberal policy of amendment continues in the current regulatory scheme. *See* 29 C.F.R. § 1601.12(b) (1981).[3]

1. That you did not file a written charge of discrimination before January 21, 1979, with the Equal Employment Opportunity Commission against Southwestern Bell Telephone Company alleging that Southwestern Bell Telephone Company had discriminated against you on the basis of sex.
2. That you did not file before January 21, 1979, a written charge of discrimination signed by you with the Equal Employment Opportunity Commission alleging that Southwestern Bell Telephone Company had discriminated against you on the basis of sex.
3. That you have not at any time filed a written charge of discrimination signed by you with the Equal Employment Opportunity Commission alleging that Southwestern Bell Telephone Company has discriminated against you on the basis of sex.
4. That Exhibit 1 is a genuine and true copy of a letter sent to you from the Equal Employment Opportunity Commission with its letter dated March 12, 1979.
5. That Exhibit 2 is a genuine and true copy of a proposed charge sent to you from the Equal Employment Opportunity Commission with its letter dated March 12, 1979.

6. That you or your agent received the original of the letter from the Equal Employment Opportunity Commission attached hereto as Exhibit 1 and dated March 12, 1979.
7. That after receipt of the letter dated March 12, 1979, from the Equal Employment Opportunity Commission, neither you nor anyone on your behalf made or had any contact or communication with the Equal Employment Opportunity Commission at least prior to July 31, 1979.
8. That you did not return to the Equal Employment Opportunity Commission a signed letter regarding the "Notice of Change of Address" as seen on page 2 of Exhibit 1.
9. That your signature does not appear on the document attached hereto as Exhibit 3, and more specifically described as printed questionnaire bearing the number at the left hand corner of 061790611.

3. Prior to passage of the 1972 amendments to Title VII of the 1964 Civil Rights Act, we rejected arguments that charges must be formal and sworn to within the applicable time period, despite the statutory requirement that private

■ Certain well-established principles govern our assessment of the sufficiency of Price's charge. Consistent with the remedial purposes underlying Title VII, we construe employment discrimination charges with the "utmost liberality," bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading. *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981). We also take into account the principal function of the administrative charge: the provision of an adequate factual basis for the Commission's initiation of the investigatory and conciliatory procedures contemplated by Title VII.

■ Mindful of these precepts, and of the brocard that summary judgments should be granted only sparingly in Title VII cases, *Jones v. Western Geophysical Co. of America*, 669 F.2d 280, 283 (5th Cir. 1982), we find

the district court's summary disposition improvident. As we have previously held, "the crucial element of a charge of discrimination is the *factual* statement contained therein." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) (emphasis in the original). While neither signed nor sworn, the form completed on January 10, 1979, in the conference between Best and Price, informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable it to issue an official notice of charge to Bell, thus setting the administrative machinery in motion.[4]

The fact that the Commission, at least at the initial stage of the proceedings, considered the circumstances surrounding the receipt of Price's complaint sufficient to initiate the administrative process, is rele-

---

complainants file a written charge under oath, and freely permitted amendments of technically deficient charges after that period pursuant to 29 C.F.R. § 1601.12(b)'s predecessor, 29 C.F.R. § 1601.11(b). *See, e.g., Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970); *Georgia Power Co. v. Equal Employment Opportunity Commission*, 412 F.2d 462 (5th Cir. 1969); *Weeks v. Southern Bell Telephone & Telegraph Co.*, 408 F.2d 228 (5th Cir. 1969). Although 42 U.S.C. § 2000e–5(b), as amended in 1972, now requires the filing of charges in writing under oath or affirmation by both private parties and the EEOC, we are not persuaded the amended statute compels a different conclusion.

Because of the regulatory provision for cure of technical or procedural defects in 29 C.F.R. § 1601.12(b), we do not, in keeping with our past decisions, view the verification element as jurisdictional. See discussion in *EEOC v. Sears, Roebuck & Co.*, 504 F.Supp. 241, 256 & n.28 (N.D.Ill.1980) (*citing* Fifth Circuit precedent). *See generally EEOC v. Air-Guide Corp.*, 539 F.2d 1038 (5th Cir. 1976) (without explicitly deciding whether employer's receipt of notice of charge in accordance with 42 U.S.C. § 2000e–5(b) was a jurisdictional prerequisite to suit, we remanded for a determination of the extent of the prejudice suffered by the employer through failure to receive such notice); *Sanchez v. Standard Brands, Inc., supra* (charging party's failure to incorporate the correct legal conclusion in charge, through the selection of the appropriate box listing form of alleged discrimination, was mere technical defect subject to amendment after the expiration of statutory time limit). To best effectuate the broad remedial scheme embodied in Title VII, courts must

remain flexible when reviewing failures of persons unfamiliar with administrative complexities to comply with procedural rules. We should not regard such rules as rigid jurisdictional prerequisites. *See Hart v. J. T. Baker Chem. Corp.*, 598 F.2d 829, 832 (3d Cir. 1979). *Compare Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 396–397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) (technical reading of filing provision of Title VII inappropriate, given fact that laymen initiate the statutory process).

4. In *Deyo v. City of Deer Park*, 664 F.2d 518 (5th Cir. 1981), we described Title VII administrative proceedings:

The EEOC commences administrative proceedings under Title VII once a charge is officially filed. 42 U.S.C. § 2000e–5(b). Following filing of a charge, the EEOC serves official notices on the parties accused and initiates an investigation to determine whether there is reasonable cause to believe that the charge is true. If it decides that such reasonable cause exists, the Commission is directed to attempt to eliminate the discrimination by "informal methods of conference, conciliation and persuasion." Should it decide that no reasonable cause exists to believe the charge is true, the Commission is to dismiss it and notify the charging party. If a charge is dismissed, or if within 180 days the commission has not either initiated a lawsuit against the parties accused, or reached a conciliation agreement, the charging party is entitled to be officially notified of her right to sue. 42 U.S.C. § 2000e–5(f)(1).

*Id.* at 520 (citations omitted.)

vant to the determination whether the interview by Best and completion of Form 283 constitutes a "charge" within the meaning of the statute and pertinent regulations. *See* B. Schlei and P. Grossman, Employment Discrimination Law 829 (1976). Given our decision that the verification requirement is non-jurisdictional, and therefore subject to equitable considerations, we perceive a triable issue of fact with respect to a possible EEOC waiver of that requirement. *See EEOC v. Air-Guide Corp.*, 539 F.2d at 1042 (*quoting EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1360 (6th Cir.), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975)). Inasmuch as the "proposed amended charge" was not sent to Price for signature until March 12, 1979, well beyond the expiration of the 180-day period, and absent evidence that Best previously informed Price of any inadequacy, it would not be unreasonable for Price, unschooled in the law and without the aid of counsel, to take no further action during the limitation period in the belief that she had done that which was required of her.[5]

Equity demands an evaluation of any prejudice occasioned by the delay. The record reflects no prejudice suffered by Bell as a result of Price's failure to file a "perfected" charge within 180 days of her discharge. *See EEOC v. Air-Guide Corp.*, 539 F.2d at 1042. Bell's receipt of official notice of the charge on January 12, 1979, fulfilled the congressional purpose for imposing a filing limitation, the provision of "prompt notice to the employer," *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385,

398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982).

We conclude that the district court inappropriately decided certain fact issues on the basis of an " 'inadequate factual presentation' ", *Jones v. Western Geophysical Co. of America*, 669 F.2d at 283 (*quoting Logan v. General Fireproofing Co.*, 521 F.2d 881, 883 (4th Cir. 1971)). The affidavit offered by Bell containing testimony relative to the insufficiency of Price's charge, and the requests for admission which were deemed admitted, are controverted by statements in Price's affidavit and by the official Notice of Charge attesting to the EEOC's commencement of the administrative process. Conflicting inferences regarding the understanding of both the EEOC and Price as to the status of her charge can reasonably be drawn from the evidence. We therefore conclude that material issues of fact as to the sufficiency of the charge filed with the EEOC within the 180-day period preclude a grant of summary judgment.

### Equitable Tolling

Having determined that the facts adduced do not permit a finding, within the limitations of a summary judgment proceeding, that the submissions to the EEOC by Price were necessarily legally insufficient, we do not decide whether the district court's refusal to toll the filing requirements of Title VII was erroneous. Principles of equitable tolling apply only where no charge is filed within prescribed time limitations.[6] Upon further development of

---

5. *Compare Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982) (where uncounseled grievant may have attempted to file charge within 180-day period, but EEOC declined to process charge pursuant to an erroneous interpretation of the law, our colleagues in the Eighth Circuit reversed a grant of summary judgment in employer's favor, holding that if the trial court determined on remand that grievant had attempted to file timely charge, she could not be penalized for the EEOC's mistake of law).

6. Recently, in *Zipes v. Trans World Airlines*, 455 U.S. at 393, 102 S.Ct. at 1132, the Supreme Court conclusively established "that filing a timely charge of discrimination with the

EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." We had previously expressed this view in *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) (en banc). In *Coke*, we opined that the 180-day limitation period of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, which provision is to be construed *in pari materia* with a similar limitation prescribed in Title VII, does not relate to the subject matter jurisdiction of the courts but instead constitutes a condition precedent to suit subject to equitable modification. *Id.* at 591–592, 594–595.

the record, the district court will be in a better position to balance the relative equities in the case and, in the event Price's initial charge is ultimately found to be insufficient, decide whether the facts warrant application of the doctrine of equitable tolling.

The grant of summary judgment to Bell is REVERSED and the matter is REMANDED for further proceedings.