UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 00-50227
_____

CAROLYN LINTON,

Plaintiff - Appellant,

VERSUS

CITY OF MARLIN,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas, Waco Division
(W - 99 - CV - 272)
_____

April 16, 2001

Before DUHÉ, and PARKER, Circuit Judges, and LINDSAY [1], District Judge.

PER CURIAM [2]:

Carolyn Linton ("Linton") appeals from the district court's grant of summary judgment to the

City of Marlin ("the City") dismissing her claims of sexual harassment under 42 U.S.C. § 2000e *et*

*seq*. (Title VII of the Civil Rights Act of 1964). Because we conclude that the district court's order

---

[1] District Judge of the Northern District of Texas, sitting by designation.

[2] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is inconsistent with our precedents on the relevant issue, we reverse and remand for consideration of the merits.

"We review a grant of summary judgment de novo, viewing the facts and inferences in the light most favorable to the party opposing the motion." *Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000). Summary judgment was requested, and granted, on a single issue, the question of whether plaintiff had timely filed her claim with the Equal Employment Opportunity Commission ("EEOC"). We therefore limit our discussion to those facts directly relevant to that issue.

Linton was discharged by the City on October 31, 1996. She submitted a sworn charge of discrimination to the EEOC on January 23, 1998. Because a plaintiff in Texas must file a charge with the EEOC within 300 days of the date of the discriminatory act, *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000); 42 U.S.C. § 2000e-5(e)(1), the sworn charge filed on January 23, 1998 was not timely. The requirement of filing a timely charge with the EEOC, however, "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). We have previously recognized two reasons for allowing Title VII claims despite a plaintiff's failure to file a sworn charge within the prescribed period: 1) equitable tolling, *see Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999); *McKee v. McDonnell Douglas Technical Services Co.*, 700 F.2d 260, 263-65 (5th Cir. 1983); or 2) an unsworn charge, within the prescribed period, which is subsequently amended by a sworn charge, *see Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78-79 (5th Cir. 1982); *Georgia Power Co. v. EEOC*, 412 F.2d 462, 464-66 (5th Cir. 1969); *Weeks v. Southern Bell Tel. & Tel. Co.*, 408 F.2d 228, 230-31 (5th Cir. 1969).

Equitable tolling is not argued by Linton here. In any event, the only relevant circumstances that she mentions are the EEOC's delays in sending her the official form for a sworn charge and in notifying the City of the charge. These circumstances do not fall within the bases previously recognized for equitable tolling, *see Hood*, 168 F.3d at 232, and were not such a serious impediment to the City's assertions of her rights as would justify tolling. *Cf. Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979). We therefore address the second reason.

Linton alleges that she sent an unsworn letter to the EEOC on July 14, 1997 that constituted a "charge." Although Title VII requires that a charge be sworn, *see* 42 U.S.C. § 2000e-5(b), applicable regulations define "charge" more broadly:

> Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b). Linton asserts that her unsworn letter constituted the "charge" and her sworn charge on January 23, 1998 constituted an amendment.

The City challenges the admissibility of the unsworn letter as inadequately authenticated. The district court indicated similar concerns about the authentication of the letter, but decided to consider it nonetheless. We think these concerns are misplaced. To accept the City's argument would exalt form over substance, and such is not warranted by the facts of this case. Circumstantial evidence alone may be sufficient to authenticate a letter, *see United States v. Elkins*, 885 F.2d 775, 785 (11th Cir. 1989), *cert. denied*, 494 U.S. 1005 (1990). The letter is consistent with Linton's description of

3

the letter she mailed. Her attorney's affidavit, along with date stamp by (apparently) the EEOC, supports an inference that the letter was in the EEOC's possession. Absolute certainty is not required. The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). That standard has been met. The issue thus becomes whether this unsworn claim satisfies the requirements of a "charge." The district court concluded that it does not, but this was a misapplication of relevant precedent.

Our previous cases holding such unsworn claims to be "charges" have been limited to situations where the EEOC treated the unsworn statement, supplemented by a sworn statement outside the limitation period, as a charge by initiating an investigation and notifying the defendant. *See Price*, 687 F.2d at 78-79; *Georgia Power*, 412 F.2d at 464-66; *Weeks*, 408 F.2d at 230-31. The district court apparently read these holdings as limited to situations where the EEOC has initiated an investigation on the basis of the unsworn claim alone, *before* receiving the subsequent sworn charge. That is an incorrect reading and application of these cases.

In *Price*, we noted that the EEOC took action on the basis of the initial complaint itself, *see Price*, 687 F.2d at 76, and stated that "[t]he fact that the Commission, at least at the initial stage of the proceedings, considered the circumstances surrounding the receipt of Price's complaint sufficient to initiate the administrative process, is relevant." *Id.* at 78-79. This is completely consistent with the interpretation by the district court. Although *Price* held that immediate action, before receipt of the sworn charge, was *sufficient* to infer that the unsworn statement was a "charge," however, it did not hold that such immediate action was *necessary*.

Our earlier cases demonstrate that the EEOC's failure to take action right away does not preclude a finding that the unsworn statement was a "charge." In *Weeks* and *Georgia Power*, the

4

plaintiffs filed unsworn complaints, but the EEOC took action only after the sworn charges were received. *See Georgia Power*, 412 F.2d at 464 (EEOC notified the employer seven days after the sworn charge was filed; the original unsworn complaint was dated three months earlier); *Weeks*, 408 F.2d at 231 ("In its amicus brief the Commission makes clear that under its procedures unsworn charges are not served upon respondents and that the investigation does not commence until a sworn charge is served."); *see also Gonzalez v. Hoechst Celanese Corp.*, 1997 WL 855968, at \*6 (S.D. Tex. Dec. 1, 1997) ("Courts have made such exceptions where: (1) the EEOC itself treats the claimant's unsworn statement as a charge by initiating an investigation and notifying the defendant (*either before or after the charge is finally sworn to*) . . . .") (emphasis added) (citing *Price*, *Weeks*, and *Georgia Power*).

The district court reached its decision based on an absence of evidence to show that the EEOC took any action regarding her letter; however, it is clear from the record that the EEOC did take action after the sworn charge was filed. The EEOC compiled an investigative file, notified the City of the investigation, and eventually issued a "right-to-sue" letter. *Compare Gonzalez*, 1997 WL 855968, at \*6 (unsworn statement not treated as a "charge" where "the EEOC regarded her letter as a mere 'inquiry,' [and] returned it with explicit instructions to respond with more information prior to the 300-day deadline"). This at the very least creates a fact issue as to whether the EEOC considered the letter to be a "charge" within the meaning of Title VII.[**]

---

[**] After Linton sent her unsworn letter to the EEOC on July 14, 1997, she told EEOC personnel on several occasions that she "had not made up her mind" whether to pursue her claim against the City. The City relies heavily on this piece of evidence and makes repeated references to it in its brief. We have considered this evidence and find it irrelevant and the City's argument unpersuasive because the letter plainly satisfies the definition of a charge under 29 C.F.R. § 1601.12(b).

The doctrine of *Weeks* and *Georgia Power* is not completely elastic. At some point in time, delay in filing a sworn charge necessarily becomes unduly prejudicial to a defendant. Our prior cases involved only minimal delays beyond the deadlines. *See Georgia Power*, 412 F.2d at 464, 467 (filed seven days after the then-existing deadline of ninety days); *Weeks*, 408 F.2d at 230 (filed thirteen days after the deadline). We decline to establish a firm rule on how long a delay can still remain within this doctrine; however, we are convinced that, under the facts of this case, the delay of approximately five months was not so unreasonable as to cause undue prejudice to the City.

The grant of summary judgment of the basis of an untimely charge was therefore inappropriate. Accordingly, we reverse and remand for consideration of the merits of Linton's claim.

REVERSED and REMANDED.