**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-20416
Summary Calendar

GREGORY CRAWFORD,

Plaintiff-Appellant,

versus

HARRIS COUNTY JUVENILE PROBATION
DEPARTMENT; ELMER BAILEY, Individually;
JAMES K. MARTINS; RICHARD SIZEMORE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(No. H-99-CV-1924)

December 26, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gregory Crawford ("Crawford") filed suit against his former employer, Harris County

Juvenile Probation Department ("Department"), the Department's Director, Elmer Bailey ("Bailey"),

and the Department's Superintendent, James Martins ("Martins"), alleging violations of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Americans with Disabilities Act (ADA), 42 U.S.C. § 1201, et seq. Crawford, pro se, appeals the district court's denial of his motion for default judgment and grant of the Department's motion for summary judgment. For the reasons assigned herein, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 1996, Crawford, a black male, was employed as a detention officer with the Department. In the fall of 1996, Crawford attended a commitment hearing at the Harris County Psychiatric Center for his sister, Regina Davis ("Davis"), who, according to Crawford, had a history of mental problems. While at the commitment hearing, Crawford saw two of his coworkers; he believed that one of his coworkers subsequently circulated rumors about Crawford's mental health. According to Crawford, these rumors led to his termination. On November 14, 1997, a coworker accused Crawford of engaging in verbal harassment and abusive behavior. This accusation came after numerous complaints made against Crawford by coworkers and supervisors. On November 17, 1999, Crawford met with Martins and was informed that, due to his unacceptable job performance, he was required to meet with an Employee Assistant Program counselor. Crawford refused to meet with the counselor, maintaining that he did not have a mental or performance problem and that his previous evaluation "exceeded expectations." He was terminated on November 21, 1997.[1]

---

[1]Crawford's termination letter read, in part:
As per our previous discussion, your work in this facility has been unsatisfactory. Further, as a condition of employment you were required to meet with the Employee Assistance counselor at Benesys. . . . This was not complied with. Thus, at this time we must terminate your employment.

After his termination, Crawford filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on August 26, 1998,[2] alleging that he was terminated from his employment because of his race in violation of Title VII, 42 U.S.C. § 2000e, et seq.[3] Further, the Charge Information Form stated that Crawford believed that he was discriminated against because he was black. On September 9, 1998, the EEOC sent a letter to Crawford suggesting that his charge be amended to include an ADA claim. A draft of the proposed amendment was attached to the letter and the EEOC requested that Crawford sign and return the proposed amendment so that the amended charge could be served upon the Department. The amended charge included the following addition:

> AMENDMENT: My charge is amended to include additional bases: Disability (Regarded as) and Retaliation under the Americans with Disabilities Act.
>
> Date: _____Signature:_____

Crawford did not sign, date, and return the amended charge. On September 29, 1998, the EEOC investigator contacted him about the proposal and Crawford stated that he did not want to include the ADA as an additional claim.[4] Subsequent letters written by Crawford to the EEOC did not

---

[2]Crawford previously filed a charge with the EEOC on December 3, 1997, which he subsequently withdrew.

[3]The Charge of Discrimination stated, in pertinent part:
On November 17, 1997, due to alleged unacceptable job performance, I was required as a condition of continuing employment, to meet with the Employee Assistant Program Counselor at Benesys. In addition, I was required to submit written authorization to Benesys so they could notify the County that I would be keeping my counseling appointments. I refused to agree to these conditions because my previous evaluation was "exceeded expectations". Because I refused, I was terminated from the position of Detention Officer on November 21, 1997 . . . .

[4]The notation in the EEOC's case log states: "CP [charging party]–never return amendment–called CP–did not want to include additional statute as advised by his [Attorney,] asked CP to send the Commission a [letter] to that effect."

mention claims under the ADA. The Notice of Charge of Discrimination forwarded to the Department by the EEOC notified the Department that a charge of discrimination had been filed under Title VII, based upon race, and referenced Crawford's Charge of Discrimination.

On June 18, 1999, Crawford filed his original complaint in this action, which alleged discrimination under the ADA. By numerous amendments, he added and finally dropped his Title VII racial discrimination claims. On March 17, 2000, the district court granted Crawford leave to amend a "Third Amended Complaint," which alleged that the Department, Bailey, and Martins violated Crawford's rights under the ADA by regarding him as disabled. When the defendants failed to file an amended answer to Crawford's Third Amended Complaint in the time prescribed by the court, Crawford brought a motion for default judgment and sanctions. Following the defendants' filing of a response and answer on July 10, 2000, Bailey and Martins moved for judgment on the pleadings and the Department moved for summary judgment. On March 15, 2001, the district court denied Crawford's motion for default judgment, granted Bailey and Martins' motion for judgment on the pleadings, and granted summary judgment in favor of the Department because Crawford failed to exhaust his administrative remedies. This pro se appeal followed.

## DISCUSSION

Crawford raises the following issues on appeal: (1) whether the district court erred by granting summary judgment in favor of the Department,[5] and (2) whether the district court abused

[5]Crawford frames this issue as whether the district court erred by granting the defendants' motion for summary judgment. Although the district court's March 15, 2000 final judgment states that "Defendants Harris County Probation Department, *et al.* is granted summary judgment," its Memorandum Opinion and Order makes clear that Bailey and Martins never moved for summary judgment. Regarding Bailey and Martins' motion for judgment on the pleadings, Crawford makes no argument in his brief that the district court erred in dismissing Crawford's suit against them individually because they are not "employers" under either the ADA or Title VII; thus, he has waived

4

its discretion in denying his motion for default judgment. The Department argues that Crawford waived or abandoned these issues because his brief lacks any citations to the record, 5TH CIR. R. 28.2.3; an argument with citations to authorities and the record and a standard of review, FED. R. APP. P. 28(a)(9); and a statement of facts, FED. R. APP. P. 28(a)(7). We will consider an appellant's pro se brief "despite its technical noncompliance with the [rules of briefing] when it at least argue[s] *some* error on the part of the district court." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Because Crawford meets this minimal requirement, we decline the Department's invitation to dismiss this appeal with prejudice. We address each of Crawford's contentions below.

A grant of summary judgment is reviewed de novo. Geoscan, Inc. of Tx. v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. Geoscan, 226 F.3d at 390. We review the facts drawing all reasonable inferences in the light most favorable to the non-movant. Id.

Crawford challenges the district court's grant of summary judgment in favor of the Department. In ruling on the Department's motion, the district court held that it did not have jurisdiction to entertain Crawford's ADA claim because he never exhausted his administrative

---

any such contention. See Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1998) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citations omitted)). As a result, the district court's ruling on the Department's motion for summary judgment is the only issue before us.

remedies and, alternatively, that the evidence failed t o raise a genuine issue of material fact as to Crawford's "regarded as" ADA claim. Crawford argues that his refusal to sign and date the purported amendment to his EEOC charge did not preclude his ADA claim because the contents of his EEOC charge were sufficient under the EEOC's regulations, which state that "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" is sufficient. 29 C.F.R. § 1601.12(b). He relies on Price v. Southwestern Bell Telephone Co., 687 F.2d 74 (5th Cir. 1982),[6] and Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970),[7] to contend that he identified the parties and described the alleged discriminatory conduct with sufficient detail to enable the EEOC to notify the Department. We conclude that Price and Sanchez are not controlling.

Prior to bringing suit in federal court for violation of the ADA, a plaintiff must comply with the ADA's administrative prerequisites, which include the timely filing of a disability discrimination charge with the EEOC. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). The scope of the judicial complaint is limited to "discrimination like or related to allegations contained in the [EEOC] charge" and the scope of the resulting EEOC investigation that would "reasonably be

---

[6]In Price, we reversed the district court's grant of summary judgment against the plaintiff, noting that the form completed by an EEOC officer who recorded the factual basis of the plaintiff's complaint, while neither sign nor sworn, informed the EEOC of the parties and the facts; and the EEOC deemed it sufficient to notify the employer and to begin administrative proceedings. 687 F.2d at 78-79. We held that summary judgment was precluded because there was a genuine issue of fact as to whether the EEOC had waived the signing and verification requirements. Id.

[7]In Sanchez, we held that the failure to attach the correct legal conclusion to factual allegations contained in an EEOC charge is a mere technical defect which may be amended after the expiration of the ninety-day period for filing the charge. 431 F.2d at 464. Thus, the plaintiff was not barred from including a national origin discrimination claim in her judicial complaint where, although she failed to check the box labeled "national origin" in her o riginal charge of discrimination, she subsequently checked that box on her amended charge. Id.

expected to grow out of the charge." Sanchez, 431 F.2d at 465-66; see also Danner v. Phillips Petroleum Co., 447 F.2d 159, 162 (5th Cir. 1971). The Charge of Discrimination that Crawford signed refers only to racial discrimination and he failed to check the box labeled "disability," and the boxes for an ADA claim and "disability" were left blank on the Notice of Charge of Discrimination forwarded to the Department by the EEOC. Further, Crawford refused to amend his charge to include an ADA claim, per the EEOC's suggestion,[8] and affirmatively told an EEOC investigator that he did not want to add an ADA claim. Accordingly, the EEOC was never presented a charge alleging disability discrimination. Moreover, Crawford's ADA claim is not reasonably related to the Title VII claim actually charged, and the EEOC obviously would have investigated only racial discrimination. Because there is no genuine issue of fact as to whether the allegations in the EEOC charge and the EEOC investigation would include an ADA claim, the district court properly granted summary judgment in favor of the Department and dismissed Crawford's ADA claim for failure to exhaust administrative remedies.[9]

Crawford's next contention that the district court committed error in denying his motion for default judgment is without merit. The district court refused to enter a default judgment because it held that (1) Crawford's delivery of his Third Amended Complaint to the Harris County Attorney's

---

[8]The EEOC's relation-back regulation provides that "[a] charge may be amended to cure technical defects or omissions" and "[s]uch amendments and amendments . . . will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

[9]Thus, we need not address the alternative ground upon which the district court based its granting of summary judgment. However, we do note that the district court improperly found that it lacked subject matter jurisdiction to entertain the ADA claim. See Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862, 863 (5th Cir. 1983) (holding that although the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, it is a condition precedent to filing suit in district court).

Office, as opposed to the Texas Attorney General, did not constitute proper service upon the defendants;[10] and (2) the defendants' conduct did not warrant a default judgment. Crawford argues that because the Harris County Attorney appeared for the defendants and filed an answer to Crawford's First Amended Complaint on their behalf, he was entitled to serve subsequent complaints upon the Harris County Attorney's Office instead of Bailey and Martins or the Texas Attorney General. See TEX. CIV. PRAC. & REM. CODE ANN. § 104.005 (Vernon 1997) (providing for service of process by delivering a complaint to "persons against whom [an] action is brought" or to the Texas Attorney General). Therefore, he contends that he was entitled to default judgment against the defendants.[11]

A denial of a default judgment is reviewed for abuse of discretion. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Id. (citation and internal quotations omitted). We recognize that default judgment is a drastic remedy resorted to only in extreme situations. Id. Because we hold that the district court did not abuse its discretion in denying Crawford's motion for default judgment, we do not reach the issue of whether service was proper upon the Harris County Attorney's Office. The district court expressly found that "the record clearly indicates that all

---

[10]The district court concluded that Crawford should have served the Texas Attorney General "[b]ecause juvenile probation personnel employed by a political subdivision of the state are state employees for the purposes of Chapter 104, [Texas] Civil Practice and Remedies Code and because it is the Texas Attorney General, not the Harris County Attorney, who must defend ADA claims against juvenile probation personnel." (citations and internal quotations omitted).

[11]Bailey and Martins argue on appeal that Crawford is not entitled to default judgment against them because they were not included in his motion. Considering the fact that Crawford filed an Amended Motion for Default Judgment on February 26, 2001, which added the individual defendants, this argument is meritless.

Defendants have appeared in this case and have actively engaged Crawford in the pleadings; default judgment is inappropriate in this context." After five amended complaints and almost one year of active participation by the defendants, it was within the district court's discretion to refuse to enter a default judgment. Cf. Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) (holding that the district court abused its discretion in denying motion to set aside default judgment for "good cause" where defendant's mistaken belief that service was not effectuated and "mere delay" in responding to plaintiff's pro se petition did not warrant entry of default); Thomas v. Kipperman, 846 F.2d 1009, 1011 (5th Cir. 1988) (finding no abuse of discretion where the district court denied default judgment despite "delay" in responding to complaint); Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5th Cir. 1962) (noting that the district court properly refused to grant default judgment for untimely filing of answer).

## CONCLUSION

Accordingly, for the reasons stated herein, we AFFIRM the district court's judgment.

AFFIRMED.