**Mary RAMIREZ, et al., Appellants,**

**v.**

**DRC DISTRIBUTORS, LTD., Appellee.**

**No. 13–04–679–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 1, 2007.

Rehearing Overruled April 5, 2007.

J. Arnold Aguilar, Aguilar & Jordan, Brownsville, for appellants.

Robert J. Banks, Ruben R. Peña, Law Office of Ruben R. Peña, Harlingen, Richard I. Manas, M. Cheryl Kirby, Oppenheimer, Blend, Harrison, San Antonio, for appellee.

Before Justices RODRIGUEZ, GARZA, and BENAVIDES.

## OPINION

Opinion by Justice BENAVIDES.

Appellants Mary Ramirez, Jennifer Gomez, Stacy Roberts, Sara Sosa, and Isela Villarreal (the "employees") sued their former employer, DRC Distributors, Ltd. ("DRC") for sexual discrimination in violation of the Texas Commission on Human Rights Act (the "TCHRA"), Tex. Lab.Code Ann. §§ 21.001–.556 (Vernon 2006). Prior to filing suit, the employees jointly filed a discrimination complaint with the Texas Commission on Human Rights (the "Commission") and received notice of their right to sue. They then brought their TCHRA claims in the district court.

DRC, their employer, filed a combined motion for partial summary judgment and plea to the jurisdiction asserting that the district court lacked jurisdiction because the employees failed to exhaust their administrative remedies. Specifically, DRC argued that the complaint filed with the Commission failed to comply with Texas Labor Code section 21.201 because it erroneously named a prior owner of the business instead of the DRC as the respondent. The district court agreed and

dismissed the employees' claims. Because we conclude that the employees complied with the TCHRA by providing sufficient information for the Commission to identify DRC as the respondent, we reverse and remand. *See id.* § 21.201(c)(3).

## I. BACKGROUND

In May 2000, DRC purchased Joiner Food Service, Inc.'s ("Joiner, Inc.") assets. David Carava was the owner and general manager of DRC, directly supervising DRC's employees.

DRC operated Joiner, Inc.'s prior business with little to no apparent changes. First, DRC occupied the same premises used by Joiner, Inc. DRC's registered office with the Secretary of State was 821 West Jackson Street, Harlingen, Texas–Joiner, Inc.'s address. Carava was DRC's registered agent.

Second, DRC operated the business under a nearly identical assumed name. Carava signed and filed an assumed name certificate with the Texas Secretary of State, stating that DRC would operate under the assumed name "Joiner Food Services"-deleting only the "Inc." from the prior owner's name.

DRC employed the appellants (the "employees") after it purchased Joiner, Inc.'s assets.[1] Shortly thereafter, however, problems arose between Carava and the employees. Carava allegedly began sexually discriminating against and sexually harassing the employees. As a result, the employees claim that they were actually or constructively terminated from employment in February 2001.

In April 2001, the employees jointly filed a discrimination complaint with the Com-

mission based on Carava's allegedly inappropriate conduct. The complaint incorrectly identified the respondent as "Joiner Food Service, Inc.," the former owner, but it noted the employees' belief that Carava had purchased the company:

This charge is being brought on behalf of [the employees] for sexual discrimination and harassment against Respondent Joiner Food Service, for violations of State and Federal law.

. . . .

The Respondent, Joiner Food Service, Inc., 821 West Jackson, Harlingen, Texas . . . is a Texas Business Corporation incorporated under the laws of the State of Texas . . . Based on information and belief, however, the corporation has been sold to David Carava and is being managed and run by Mr. Carava. Although Joiner Food Service, Inc. is based in Texas, Mr. Carava apparently resides primarily in California.

The complaint then spent ten pages specifically detailing Carava's discriminatory and harassing conduct, describing Carava as "the general manager and apparent owner of Joiner Food Service, Inc."

Carava was not formally listed as a respondent in the complaint, even though the employees provided the Commission with information regarding Carava's purchase of the business and even though the entire complaint is based on Carava's actions. Likewise, the correct employer, DRC, was not formally named as a respondent or otherwise identified in the complaint.

Nevertheless, it is undisputed that the Commission was able to identify and locate Carava even though the complaint named Joiner, Inc., the former owner, as

---

**1.** Appellant Mary Ramirez was employed by Joiner, Inc. prior to the May 2000 sale. After the sale, her employment continued with DRC. All the employees claim that, although

they were aware that Joiner, Inc. had been sold, they were not informed that they were in fact employees of DRC instead of Joiner, Inc.

the respondent. First, the Commission's "skeleton file" contained mailing memoranda listing "David Carava, Owner" as the respondent. Second, the memoranda listed "Joiner Food Service" (absent the "Inc.") as the respondent's company name. Third, the memoranda listed the respondent's address as 821 West Jackson, Harlingen, Texas–DRC's registered office. The Commission apparently used this information to locate Carava, as it is also undisputed that Carava received the complaint and understood that it applied to DRC.[2]

The employees received notice from the Commission of their right to sue, and they timely filed suit on May 31, 2002. In their Original Petition, the employees named Joiner, Inc. and David Carava as defendants. DRC was not initially named as a defendant but was joined later.[3] The employees alleged violations of the TCHRA and common-law claims for invasion of privacy, assault and battery, malice, and constructive discharge against Carava, Joiner, Inc., and DRC. Additionally, they alleged that Carava's actions individually constitut-

ed an intentional infliction of emotional distress.

DRC and Carava filed a combined motion for partial summary judgment and plea to the jurisdiction, arguing that the trial court lacked subject-matter jurisdiction because the employees' Commission complaint did not specifically name DRC and Carava as respondents. They also argued that Carava could not be individually liable under the TCHRA and that the common-law claims were barred by limitations. The district court granted the motion, finding that it lacked jurisdiction over the employees' TCHRA claims because they "did not satisfy the jurisdictional pre-requisites to file these claims." The court also found that Carava was not liable in his individual capacity under the TCHRA and that limitations barred all the common-law claims.[4] This appeal ensued.

## II. Sufficiency of the Complaint

In a single issue,[5] the employees argue that the trial court erred in dismissing

2. In response to DRC's motion for summary judgment/plea to the jurisdiction, the employees submitted an affidavit by their attorney, J. Arnold Aguilar. Aguilar testified that Carava admitted in his deposition that he received the complaint and understood the complaint applied to DRC. DRC never objected to this evidence.

3. For various reasons, the employees did not serve Joiner, Inc. or Carava until late 2002. Thereafter, Joiner, Inc. filed a verified answer notifying the employees that it had sold all its assets to DRC in May of 2000 and that it was not the proper defendant. It counter-claimed against the employees, alleging that their claims were groundless, were brought in bad faith, and were brought for the purpose of harassment. Carava answered and promptly removed the action to federal district court. In April 2003, the employees requested and were granted leave by the federal district court to join DRC. The federal district court remanded the case back to the state district

court in October 2003. DRC, however, was not served with process until January 2004.

4. This ruling is a final, appealable order because all other parties and issues were disposed by later orders.

5. The trial court determined that it lacked jurisdiction over the employees' TCHRA claims "because the [employees] did not satisfy the jurisdictional pre-requisites to file these claims." Although DRC's motion/plea noted problems with service and the TCHRA's 60–day limitations period, DRC did not argue that those irregularities supported an order of dismissal, and the trial court did not rule on those grounds. We cannot affirm a summary judgment based on arguments not presented to the trial court, and even if properly presented below, we have discretion to refuse to consider alternate grounds for dismissal not ruled on by the trial court. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996); *Stiles v. Resolution Trust Corp.,*

their TCHRA claims against DRC[6] because their complaint satisfied the TCHRA's pleading requirements.[7] For the following reasons, we agree with the employees. Accordingly, we reverse the trial court's order dismissing their claims and remand for further proceedings.

### A. STANDARD OF REVIEW

■ DRC filed what it called a "motion for partial summary judgment/plea to the jurisdiction," which the trial court granted. The trial court did not indicate whether procedurally it was granting DRC's motion for summary judgment or its plea to the jurisdiction. However, the standard of review for either motion is the same. *See Tex. Dep't of Parks & Wildlife v. Miranda,*

133 S.W.3d 217, 228 (Tex.2004) (standard of review for a plea to the jurisdiction "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)").[8]

In accordance with the standard for both procedural vehicles, we will review the trial court's ruling *de novo. Miranda,* 133 S.W.3d at 228; *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). The movant bears the initial burden to demonstrate that the plaintiff failed to exhaust its administrative remedies. *Miranda,* 133 S.W.3d at 228. If the movant asserts this contention and supports it with evidence, the plaintiff is then required to raise a disputed material fact to defeat the motion/plea. *Id.* We take as

---

867 S.W.2d 24, 26 (Tex.1993). We decline to decide these issues on the present record. *Nat'l Union Fire Ins. Co. v. Ins. Co. of N. Am.,* 955 S.W.2d 120, 126 n. 4 (Tex.App.-Houston [14th Dist.] 1997), *aff'd on other grounds, Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.,* 20 S.W.3d 692 (Tex.2000); *Valores Corporativos, S.A. de C.V. v. McLane Co.,* 945 S.W.2d 160, 161 n. 3 (Tex.App.-San Antonio 1997, writ denied).

6. The employees do not challenge the ruling regarding Carava. He is not a party to this appeal.

7. DRC objected to and moved to strike portions of the reporter's and clerk's records consisting of documents filed in federal district court after Carava removed. These documents were not before the trial court at the time it ruled on DRC's motion/plea. Because we believe that the documents submitted to the trial court before its ruling raise a fact issue, there is no need to look at the federal court filings urged by the employees. Accordingly, we deny the motion to strike, but nevertheless, we will not consider the federal court filings.

8. Although the Texas Supreme Court held in *Schroeder v. Texas Iron Works, Inc.* and *Specialty Retailers, Inc. v. DeMoranville* that exhaustion of the TCHRA's administrative remedies is mandatory and jurisdictional, several

courts of appeals have questioned whether its decision in *Dubai Petroleum Co. v. Kazi* indicated a retreat from this position. 12 S.W.3d 71, 76–77 (Tex.2000) (overruling *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926) "to the extent it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional"); *Specialty Retailers, Inc.,* 933 S.W.2d 490, 492 (Tex.1996); *Schroeder,* 813 S.W.2d 483, 488 (Tex.1991). *Compare Windle v. Mary Kay, Inc.,* No. 05–02–00252–CV, 2003 WL 21508782, at *2, 2003 Tex.App. LEXIS 5594, at *4 (Tex.App.-Austin July 1, 2003, pet. denied) (memorandum opinion) (holding that TCHRA's 60–day limitations period is not jurisdictional), *with King v. Tex. Dep't of Human Servs.,* 28 S.W.3d 27, 31 & n. 1 (Tex.App.-Austin 2000, no pet.) (recognizing questions raised by *Dubai* but refusing to decide whether TCHRA's limitations period is jurisdictional), *and El Paso County v. Navarrete,* 194 S.W.3d 677, 681–82 (Tex.App.-El Paso 2006, pet. denied) (noting *Dubai* but instead relying on *Schroeder); and Wal–Mart Stores, Inc. v. Canchola,* 64 S.W.3d 524, 534 (Tex.App.-Corpus Christi 2001), *rev'd on other grounds,* 121 S.W.3d 735 (Tex.2003) (questioning whether TCHRA's requirements are jurisdictional after *Dubai* but not resolving the issue); *and City of La Joya v. Ortiz,* No. 13–06–401–CV, 2007 WL 293019, at *2, 2007 Tex.App. LEXIS 818, at *8 (Tex.App.-Corpus Christi Feb.1, 2007, no pet. h.) (memorandum opinion) (issue not raised by the parties, relying on *Schroeder*).

true all evidence favorable to the nonmovant. *Id.* We will also indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

### B. TCHRA's REQUIREMENTS

Texas Labor Code section 21.201 requires a person claiming to be aggrieved by an unlawful employment practice to file a complaint with the Commission. Tex. Lab.Code Ann. § 21.201(a) (Vernon 2006). The complaint must be in writing and under oath, and it must state that an unlawful employment practice has been committed, including the facts and circumstances of the unlawful practice. *Id.* § 21.201(b), (c)(1)-(2). Most importantly for purposes of this case, the statute requires the complaint to state "facts sufficient to *enable the commission to identify the respondent.*" *Id.* § 21.201(c)(3) (emphasis added). Once a complaint is filed, the Commission serves a copy of the complaint on the respondent. *Id.* § 21.201(d).

Federal anti-discrimination law contains a similar requirement, and the federal courts have construed Equal Employment Opportunity Commission ("EEOC") charges liberally in the complaining party's favor.[9] 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.12(b) (1981);[10] *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir.1982) ("Consistent with the remedial purposes underlying Title VII, we construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading."). The Fifth Circuit has explained that

> the charge is the catalyst which starts the *informal* conciliation proceedings of [the] EEOC. It is in keeping with the purposes of the Act to keep the procedures for initiating the action simple.... For a lay-initiated proceeding it would be out of keeping with the Act to import common-law pleading niceties to this "charge," or in turn to hog-tie the subsequent lawsuit to any such concepts. All that is required is that it give sufficient information to enable [the] EEOC to see what the grievance is about.

*Jenkins v. United Gas Corp.*, 400 F.2d 28, 29 n. 3 (5th Cir.1968) (citations omitted).

### C. ANALYSIS

DRC's evidence shows that the complaint formally listed Joiner, Inc. as the respondent and that neither DRC nor Carava were identified as respondents. Nevertheless, the complaint specifically pointed out that Carava purchased Joiner, Inc. and focused on Carava's actions as the company's "apparent owner" and "general manager." The complaint provided DRC's address, which also happens to be Joiner, Inc.'s previous address.

■ We believe that the employees complied with Texas Labor Code section 21.201(c)(3). DRC provided copies of its assumed name certificate filed with the Secretary of State (i) bearing Carava's signature, indicating that DRC was operating under the nearly identical assumed name

---

9. Because the TCHRA is modeled after its federal counterpart, Title VII of the Civil Rights Act of 1964 and its subsequent amendments, we may look to federal law when interpreting the TCHRA. Tex. Lab.Code Ann. § 21.001(1) (Vernon 2006); *Specialty Retailers, Inc.*, 933 S.W.2d at 492; *Johnson*, 127 S.W.3d at 879.

10. This provision provides that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

of "Joiner Food Services"; (ii) listing Carava as DRC's agent for service of process; and (iii) listing DRC's address, which was the same as the address provided to the Commission for Joiner, Inc. The information provided to the Commission and that which was publicly available was "sufficient to enable the commission to identify" DRC as the respondent. Tex. Lab.Code Ann. § 21.201(c)(3).

Most importantly, the purpose for requiring a complaint to identify the respondent is obviously so that the Commission can fulfill its duty to send the respondent notice. *Id.* § 21.201(d). The Commission's files indicate that it identified "David Carava, Owner" of "Joiner Food Service" as the respondent and that the Commission had DRC's address. It is undisputed that Carava received the complaint and understood it as being against DRC. Although the complaint did not formally list DRC as a respondent, given the purpose of the TCHRA's pleading requirements and recognizing our federal counterpart's liberal construction of EEOC charges, we are loathe to "hog-tie" a subsequent lawsuit for pleading deficiencies before the Commission in a case where the proper respondent received actual notice of the complaint. *Jenkins,* 400 F.2d at 29 n. 3.

In *Brooks v. Lubbock County Hosp.,* an unpublished memorandum opinion, the Amarillo court of appeals determined that a plaintiff's complaint was insufficient where it identified the respondent by its assumed name. No. 07–04–0068–CV, 2005 WL 1225961, at *2, 2005 Tex.App. LEXIS 4040, at *5 (Tex.App.-Amarillo May 24, 2005, pet. denied) (memorandum opinion) (per curiam), *cert. denied,* —— U.S. ——,

126 S.Ct. 1891, 164 L.Ed.2d 569 (2006). There, the plaintiff sent a letter to the EEOC stating that his rights may have been violated at "University Medical Center," Lubbock County Hospital's assumed name. *Id.* The court's opinion does not discuss whether the plaintiff provided the Hospital's address or any other identifying information. *Id.* It also does not discuss whether the Hospital actually received a copy of the letter from the EEOC. *Id.* However, it is clear that the plaintiff there did not provide any information about the alleged unlawful employment practices that would have assisted the EEOC in identifying the proper respondent. *Id.* The court of appeals held that, along with other deficiencies in the complaint, providing the Hospital's assumed name was insufficient to identify the hospital as a respondent. *Id.*

■ Although *Brooks* is not controlling here, it is the only Texas case thus far addressing whether a TCHRA complaint sufficiently identified the respondent. *Brooks* is distinguishable from the present case because here, the employees provided much more than just DRC's assumed name. The employees provided sufficient information to allow the Commission to identify, and in fact to contact, DRC's owner and the subject of the complaint. Because the employees were only required to state enough facts for the Commission to identify the respondent, and the evidence shows that the employees complied with this requirement, the trial court erred in dismissing the employees' TCHRA claim against DRC. Tex. Lab.Code Ann. § 21.201(c)(3).[11]

---

**11.** The employees raise equitable tolling arguments, such as misidentification and suit under an assumed name, arguing that their misidentification of their employer should be excused. DRC counters that because the TCHRA's requirements are jurisdictional, these theories do not apply. Given our holding that the employees complied with the TCHRA, however, we need not reach these arguments. Tex.R.App. P. 47.1.

## III. Conclusion

Because we find that a disputed issue of material fact exists regarding whether the employees complied with the TCHRA's pre-suit requirements, the trial court erred in granting DRC's motion for partial summary judgment/plea to the jurisdiction on their TCHRA claims against DRC. The trial court's judgment is reversed and the case is remanded for further proceedings.