# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2019

Lyle W. Cayce
Clerk

JOSE CARLOS CAYCHO MELGAR,

     Plaintiff - Appellant

v.

T.B. BUTLER PUBLISHING COMPANY, INCORPORATED; T.B.B.
PRINTING LIMITED; NELSON CLYDE, IV,

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-362

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

     Plaintiff-Appellant Jose Carlos Caycho Melgar ("Caycho"),[1] proceeding

in forma pauperis, appeals the district court's grant of summary judgment in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] The Defendants-Appellees refer to Caycho as "Melgar." Additionally, the record
demonstrates that Caycho also sometimes uses the last name "Valencia." Because the
Plaintiff-Appellant refers to himself as "Caycho" in his appellate brief before us, we will refer
to him as "Caycho."

No. 18-41080

favor of his employer on his claims of discrimination based on age, disability, and national origin. The district court held that Caycho had filed an untimely charge of discrimination and thus failed to properly exhaust his administrative remedies prior to seeking relief in federal court. Finding no reversible error, we AFFIRM.

## I.     FACTUAL AND PROCEDURAL HISTORY

Caycho was employed by T.B.B. Printing, Ltd., a subsidiary of T.B. Publishing Company, Inc., (referred to collectively as "T.B.B. Printing") from September 2011 to December 2013. After Caycho left T.B.B. Printing, he filled out an intake questionnaire with the Texas Workforce Commission ("TWC"). On that form, Caycho checked the boxes for retaliation and discrimination based on national origin. Although that form is not dated, there are emails in the record between Caycho and Hector Macias, a TWC Intake Investigator. The emails state that the form was emailed on June 30, 2014. There are several emails in which Macias unsuccessfully attempts to obtain information from Caycho. An email dated August 11, 2014, from Macias's supervisor (Walter Bryan) to Caycho states as follows: "It is impossible to understand your written response to Mr. Macias' request that you provide a number where we can speak with you. We have transferred this complaint out of an abundance of caution for the statute of limitations." Additionally, the TWC sent Caycho a form letter dated August 15, 2014, notifying him that his complaint was untimely for TWC, which had a 180-day deadline. The letter further provided that the complaint was within the 300-day deadline for the Equal Employment Opportunity Commission (EEOC) and that TWC had forwarded the complaint to the EEOC for investigation.

On September 23, 2014, the EEOC sent Caycho a letter stating that it would review his "correspondence concerning allegations of possible employment discrimination." The letter provided an EEOC inquiry number

No. 18-41080

for the case and informed Caycho that it could take between 90 and 120 days before he would be contacted by the EEOC and that any additional information from him had to be in writing.

On October 1, 2014, the EEOC sent Caycho a letter informing him that he would receive a phone call at 10:15 am on October 22, 2014, and that the interview should not take more than an hour. The letter also stated that a charge had not been filed at this time and that the "EEOC do[es] apologize for the long delay in assessing [his] inquiry." It also instructed him to have any documents or evidence in support of his claims available during the interview and that the investigatory would provide him a preliminary assessment of his allegations and options going forward.

More than eight months later, on June 12, 2015, the EEOC sent a letter to the Human Resources Department of T.B.B. Printing informing the company that a party had filed a charge of employment discrimination against it. The letter further provided that although the EEOC had not timely served the company, it intended to investigate the claim and that the delay in serving the charge "occurred through no fault of the Charging Party." Additionally, it provided that the company would be receiving a formal charge of discrimination within 60 days.

On July 17, 2015, Monica Fernandez ("Fernandez"), an EEOC investigator assigned to Caycho's case, sent him a letter instructing him to read, sign, and date the attached form (EEOC Form 5) and return it to her "no later than close of business, **August 4, 2015.**" The letter informed Caycho that the EEOC found that his evidence "does not substantiate a violation under the laws enforced by this agency," that the EEOC will issue a dismissal and that Caycho had 90 days from the date of his receipt of the Dismissal Notice to file suit in court.

3

No. 18-41080

On August 20, 2015, Fernandez sent Caycho another letter instructing him to read, sign and date the attached charge of discrimination (EEOC Form 5) and return it to the EEOC "no later than close of business, **September 8, 2015.**" The letter also stated that per his request the "name of the joint company ha[d] been added to your charge of discrimination" and that there were "two additional blank pages for you to add additional issues to your charge." It again informed Caycho that the EEOC found that his evidence "does not substantiate a violation under the laws enforced by this agency," that the EEOC will issue a dismissal and that Caycho had 90 days from the date of his receipt of the Dismissal Notice to file suit in federal district court.

Subsequently, on November 11, 2015, Fernandez emailed Caycho the following: "Can you please call me before December 17, 2015? I haven't been able to proceed with your charge, since you have not signed it yet. Please find the charge of discrimination attached for your signature." The email also notified him that if he did not respond by December 17, 2015, his charge would be dismissed.

On December 16, 2015, the EEOC received Caycho's signed and dated (December 15, 2015) EEOC Form 5 Charge of Discrimination. On January 26, 2016, the EEOC issued a Dismissal and Notice of Rights to Caycho. The notice provided that the EEOC had been unable to conclude that the information obtained from him established any violations of the statutes and that he had 90 days to file suit in state or federal court. On April 20, 2016, Caycho, proceeding *pro se,* filed the instant employment discrimination suit in federal district court. The complaint listed the defendants as T.B. Butler Publishing Company Inc., T.B.B. Printing Ltd., Nelson Clyde IV ("Clyde"), and three

4

unknown FBI agents.[2]   The T.B.B. Printing defendants filed a motion to dismiss for failure to state a claim.  Clyde also filed a motion to dismiss for failure to state a claim.

The magistrate judge issued a report and recommendation that Clyde's motion to dismiss be granted because although he was an officer at the company, he was not Caycho's employer.  With respect to the claims against T.B.B. Printing, the magistrate judge opined that Caycho's "pleadings do not allege any facts that would support a claim pursuant to 42 U.S.C. § 1985, the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983 and 42 U.S.C. § 1986."  Thus, it recommended that those claims be dismissed for failure to state a claim.  However, the magistrate judge recommended that the motion to dismiss the remaining claims of discrimination based upon age, disability and national origin be denied.  After a de novo review, the district court adopted the report and recommendation.

The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).  T.B.B. Printing subsequently filed a motion for summary judgment as to the remaining claims, arguing that Caycho's claims were barred for failure to exhaust his administrative remedies because Caycho failed to timely file a charge of discrimination with the EEOC within the 300-day deadline.  The district court agreed and stated that because Caycho "filed an untimely charge of discrimination nearly two years after his employment was terminated . . . he failed to exhaust his administrative remedies."  The court also rejected Caycho's contention that he was entitled to equitable tolling to excuse the delayed filing of the charge of discrimination.  Thus, the court

---

[2] Clyde, who was president of T.B. Butler Publishing Company, and the three unknown FBI agents are not party to the instant appeal.

granted T.B.B. Printing's motion for summary judgment.  Caycho timely filed a notice of appeal.

## II.    STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same standards as the district court.  *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004).  "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."  *Id.*; *see also* FED. R. CIV. P. 56(a).

## III.    ANALYSIS

### A.    Sufficiency of the Charge of Discrimination

Caycho argues that the district court erred in holding that he filed an untimely charge of discrimination, which resulted in his failure to properly exhaust his administrative remedies.  To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies.  *Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74, 77 (5th Cir. 1982) (Title VII); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (recognizing that the ADA incorporates by reference Title VII's administrative procedures); *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988) (ADEA).[3]

---

[3] Caycho contends that the defendants forfeited the affirmative defense of his failure to exhaust his administrative remedies because they did not timely raise the defense.  On September 26, 2017, the district court ordered T.B.B. Printing to answer Caycho's claims of discrimination based on age, disability and national origin within 30 days.  On October 25, 2017, T.B.B. Printing complied with the order and filed its original answer to Caycho's first amended complaint.  This original answer raised the defense that Caycho's discrimination claims were barred based on his failure to timely file a charge with the EEOC.  Caycho mistakenly refers to the defendants' original answer as their "third amended answer."  The

No. 18-41080

Caycho's principal argument is that the intake questionnaire he submitted to the TWC suffices as a charge of discrimination for the EEOC. Caycho is correct that if his TWC intake questionnaire constitutes a charge of discrimination, it was timely filed "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (stating that if complainant first pursues state or local remedies, the charge must be filed with the EEOC within 300 days of the alleged unlawful employment practice). The latest allegations of discrimination on the intake questionnaire are in December of 2013, and although the questionnaire was not dated, the email conversation in the record indicates that the form was sent on June 30, 2014.

We must determine whether the TWC intake questionnaire sufficed as a charge of discrimination with the EEOC. When analyzing whether a plaintiff has exhausted a claim, this Court has noted that "the scope of an EEOC complaint should be construed liberally." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). "On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Id.* at 788–89. In light of these considerations, we interpret "what is properly embraced in review of a Title–VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 789. The charge should allege that the employer engaged in an unlawful employment practice. 42 U.S.C. § 2000e-5(b). This

---

defendants had previously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); however, a "Rule 12(b)(6) motion is not a 'responsive pleading.'" *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (citation omitted). Accordingly, Caycho has failed to show that the defendants untimely raised this defense.

No. 18-41080

Court has explained that "the crucial element of a charge of discrimination is the factual statement contained therein." *Price*, 687 F.2d at 78 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).

In *Price*, we found there was a fact issue as to whether the charge was sufficient. 687 F.2d at 78-79. We pointed out that there was no evidence that the complainant had been informed that the charge was inadequate. *Id.* at 79. Thus, we concluded that "it would not be unreasonable for Price, unschooled in the law and without the aid of counsel, to take no further action during the limitations period in the belief that she had done that which was required of her." *Id.* at 79. Like the complainant in *Price*, Caycho is proceeding *pro se*. However, unlike in *Price*, Caycho's intake questionnaire was not treated as a charge of discrimination. Indeed, the TWC expressly informed him that it had been "unable to draft a charge on your behalf." Thus, in the instant case, it would have been unreasonable for Caycho to believe the intake questionnaire sufficed as a charge. The regulations require a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). The intake questionnaire does not contain a clear and concise statement of facts alleging unlawful employment practices. We agree with the district court that under these circumstances the intake questionnaire does not suffice as a charge of discrimination.[4]

---

[4] We note that Caycho had not signed the intake questionnaire. However, such a defect is not fatal in that the regulations allow technical defects to be cured by filing an amended charge, and the amended charge would relate back to the date the charge was first received. 29 C.F.R. §1601.12(b). We further note that the TWC treated Caycho's filing as untimely; however, whether the complaint was timely filed with the TWC has no effect on the 300-day filing period for the EEOC charge. *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).

### B. Equitable Tolling

Caycho contends that the district court erred in refusing to apply the doctrine of equitable tolling.  The "limitations period on filing a charge of employment discrimination is subject to equitable doctrines such as tolling or estoppel." *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (internal quotation marks and citations omitted); 29 C.F.R. § 1614.604(c).  As the plaintiff, Caycho bears the burden of demonstrating the basis for tolling the limitations period. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).  This Court reviews a district court's decision to deny equitable tolling for abuse of discretion. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).   We have opined that equitable tolling can excuse an untimely filing in the following circumstances:  "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Id.* (citation omitted).

With respect to the first basis for tolling, Caycho asserts that TWC had jurisdiction over his claim and that the EEOC was the wrong forum.  This assertion is without merit.  We have explained that "equitable tolling is appropriate in the rare case when the parties have been litigating an action in state court, but they later discover that they chose the wrong forum under state law." *Manning*, 332 F.3d at 880.  The parties at bar were not litigating in state court.  Moreover, the EEOC was the proper forum because to bring suit under Title VII, a complainant must first file a charge with the EEOC to exhaust his administrative remedies. *Price*, 687 F.2d at 77.  This argument does not provide a justification for applying equitable tolling to the limitations period.

With respect to the second basis for tolling previously set forth, Caycho contends that, from August to December of 2013, T.B.B. Printing "concealed"

its actions and the actions of law enforcement agents.  It appears the law enforcement agents he refers to in his brief are the "unknown agents of the FBI" listed as defendants in his complaint filed in district court.  It is unclear what actions were allegedly concealed.  In any event, if the actions were concealed from August to December of 2013, any alleged concealment would have had no effect on the limitations period which began to run after December 31, 2013.  Caycho has not shown that equitable tolling is justified under the second basis.

As for the third basis, Caycho asserts that the EEOC misled him when it informed him that "'allegation accepted only up to August 20, 2014,' that led to the untimely formulat[ion] of a charge."  Brief at 43.  "We apply equitable tolling when an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge."  *Manning*, 332 F.3d at 881.  It is unclear how the EEOC allegedly misled him.  Caycho has not shown that equitable tolling is justified under the third basis.

Nonetheless, we have opined that there may be other bases that warrant equitable tolling.  *Hood v. Sears Roebuck & Co.*, 166 F.3d 231, 232 (5th Cir. 1999).  Caycho also contends that the "time elapsed due to the administrative office's inaction deserved to stop the running of the statute of limitations."  Brief at 25.

Here, the district court concluded that Caycho was responsible for the entire delay in filing the EEOC charge.  The delay was from December 31, 2013 to December 15, 2015.  Viewing the record in the light most favorable to Caycho, the nonmoving party, we must disagree with the conclusion that Caycho was responsible for the entire delay.  As indicated previously, on September 23, 2014, the EEOC sent Caycho a letter stating that it would review his "correspondence concerning allegations of possible employment

discrimination." The letter also informed Caycho that it could take between 90 and 120 days before he would be contacted by the EEOC. At that point, we believe "it would not be unreasonable for [Caycho], unschooled in the law and without the aid of counsel, to take no further action during the limitations period in the belief that [he] had done that which was required of [him]." *Price*, 687 F.2d at 79. The EEOC certainly believed that was the case. In a June 12, 2015 letter, the EEOC informed T.B.B. Printing that a party had alleged employment discrimination against it. The letter further provided that although the EEOC had not timely served the company, the delay in serving the charge "occurred through no fault of the Charging Party." Thus, the EEOC explicitly stated that the delay was not Caycho's fault. Viewing the evidence in the light most favorable to Caycho, we will not attribute the delay starting from the September 23, 2014 EEOC letter to Caycho. *Cf. McKee v. McDonnell Douglas Tech. Serv.*, 700 F.2d 260, 264 (5th Cir. 1983) (explaining that a "complainant is not to be prejudiced by the EEOC's failure to fulfill its duty").

Subsequently, however, in a letter dated July 17, 2015, the EEOC informed Caycho that he was to read, sign, and date the attached form and return it to the EEOC "no later than close of business, **August 4, 2015.**" Accordingly, on August 4, 2015, the limitations period began to run again. In other words, any delay after August 4, 2015, in filing the charge is attributed to Caycho. The periods of delay attributable to Caycho are from December 31, 2013 to September 23, 2014 (38 weeks) and August 4, 2015 to December 15, 2015 (19 weeks). Our calculation is that 399 days are attributable to Caycho. The deadline to file was within 300 days. Assuming *arguendo* for purposes of this appeal that the limitations period was tolled, the charge was untimely. As the district court opined, Caycho did not act with due diligence in filing his charge with the EEOC. We agree with the district court that Caycho filed an

No. 18-41080

untimely charge of discrimination and thus, failed to properly exhaust his administrative remedies.[5]

## IV. CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.[6]

---

[5] Caycho also argues that the futile administrative process at the TWC excused the requirement to exhaust his administrative remedies. Caycho has not shown that TWC's administrative process was futile. Similarly, although the record shows that the EEOC's administrative process was delayed, Caycho has not shown that it was futile.

[6] We note that T.B.B. Printing defends the district court's denial of Caycho's motion for appointment of counsel. We need not address whether the district court erred in denying the motion for appointment of counsel because even under a liberal interpretation of Caycho's brief, he has failed to raise the issue. Because this issue was inadequately briefed, it is forfeited. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).