# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2022

Lyle W. Cayce
Clerk

No. 21-20366

---

Terrell D. Smith,

*Plaintiff—Appellant*,

*versus*

AT&T Mobility Services, L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19–CV–4911

---

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:[*]

Terrell D. Smith brought this lawsuit against his employer, AT&T Mobility Services, LLC, for age-based employment discrimination after multiple failed attempts to secure a promotion. Smith's claims are based on three discrete failures to promote under federal and state law. The district court found that Smith failed to exhaust his administrative remedies as to one

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

claim, and failed to establish a prima facie case of discrimination as to the other two claims. We affirm.

## I.

Since 1999, Terrell Smith has worked as a customer service representative (CSR), first for AT&T's predecessor and then for AT&T. In 2018, Smith's CSR position was transferred to another city. Faced with the option of relocating his family or accepting a local CSR job with a significant pay reduction, he chose the latter. He hoped to eventually be promoted to a higher-paid customer service manager (CSM) position in the same or a nearby facility.

Altogether, Smith alleges that he applied—either formally through the AT&T database or informally through his supervisors—for promotions under three requisition numbers: (1) R#1831676, for which thirteen CSM candidates were ultimately hired; (2) R#1902620, for which fifteen CSM candidates were ultimately hired; and (3) R#1942838, for which five CSM candidates were ultimately hired. Smith was not promoted to any of these positions.

During this time, Smith's manager, Anita O'Neal, introduced Smith and several other employees over the age of forty as "old heads" while giving a tour of the facility. On another occasion, when Smith inquired about one of the CSM openings, O'Neal informed Smith that she was "not going to hire any tenured employees because" the new facility is "state of the art . . . with the highest technology and equipment," and she needs CSMs who are "innovative" and capable of leading the facility "in the right direction."

Believing he was denied the promotion due to his age, Smith, who was then sixty years of age, filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) on March 5, 2019, several months after AT&T filled its CSM positions under R#1831676.

No. 21-20366

Smith selected January 28, 2019, as both the "earliest" and "latest" date of discrimination, and described his allegations as follows:

> I have applied for the Customer Service Manager position several times but have been continuously denied. I followed the procedures to apply for this position but have never been granted an interview. In the last four months, five other representatives, all younger individuals, have been promoted from within though some have less experience and/or seniority than I do. I was not given a valid reason as to why I was not promoted.

The following month, during the EEOC's investigation, Smith informed the EEOC that AT&T had promoted six individuals to CSM positions under R#1902620 and provided their names. Five months later, AT&T promoted another six individuals to CSM positions under R#1942838. Smith did not amend his charge of discrimination or file subsequent charges to include the promotions under R#1942838. At the end of September 2019, the EEOC terminated its investigation of Smith's charge and issued a Right to Sue Letter. Smith timely filed this lawsuit asserting claims against AT&T for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code § 21.001 *et seq.*

Following discovery, the district court granted AT&T's motion for summary judgment, finding that Smith had failed to exhaust his administrative remedies as to R#1942838 and failed to establish a prima facie case as to R#1831676 and R#1902620.

## II.

Our court reviews a grant of summary judgment de novo, applying the same legal standard as the district court. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). Summary judgment is proper if, when

3

"view[ing] the facts in the light most favorable to the non-movant" and "draw[ing] all reasonable inferences in her favor," "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (quoting Fed. R. Civ. P. 56(a)).

Both the ADEA and TCHRA prohibit an employer from discriminating against an employee on the basis of age. 29 U.S.C. § 621(a)(1); 41 Tex. Lab. Code § 21.001. *See also Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013). The class of individuals protected from age discrimination is limited to those who are forty years of age or older. *See* 29 U.S.C. § 631(a); 41 Tex. Lab. Code § 21.101. Before bringing a claim under the ADEA or TCHRA, a plaintiff must have exhausted his administrative remedies by filing a charge with the EEOC. *Melgar v. T.B. Butler Pub. Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (ADEA); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169 (5th Cir. 2014) (TCHRA). Upon bringing suit, "the scope of the judicial complaint is limited to the scope of the *EEOC investigation* which can reasonably be expected to grow out of the charge of discrimination." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008) (alteration in original) (cleaned up).

Both Smith and the district court present his claims of discrimination in non-chronological order—addressing AT&T's alleged failure to promote under R#1942838 first, before turning next to R#1831676 and R#1902620. We shall do the same on appeal.

## A.   *Failure to Exhaust as to R#1942838.*

Smith does not dispute that, unlike the promotions under R#1831676 and R#1902620, those made under R#1942838 occurred beyond the timeframe specified in his EEOC charge and applicable limitations period.

So the question now is whether that third round of promotions under R#1942838 is properly within our scope of judicial review.

The Supreme Court has clarified that each discrete adverse employment action, including a failure to promote, "constitutes a separate actionable unlawful employment practice" and "starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 102 (2002). *See also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). Therefore, plaintiffs must "file a charge within . . . 300 days of the date of the act or lose the ability to recover for it." *Morgan*, 536 U.S. at 114.

Smith principally argues that this case is different, because his claims pursuant to R#1942838 reasonably grew from the original charge and involved the same failure to promote claim, decisionmaker(s), location, job title, duties, and requirements. But the Supreme Court has held that discrete discriminatory acts are "time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 102. *See also Pegram*, 361 F.3d at 279 (discrete failures to promote "are timely only where such acts occurred within the limitations period").

Alternatively, Smith argues that the limitations period should be subject to equitable tolling. But this argument is forfeited on appeal because he failed to make it before the district court. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court.").

As we have said before, "[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 273. Consequently, we agree with the

district court that Smith has failed to exhaust his administrative remedies as to his failure to promote claim under R#1942838.

**B.    *Failure to Establish a Prima Facie Case as to R#1831676 and R#1902620.***

In analyzing these two requisition numbers, the district court first considered whether Smith had presented direct evidence of discrimination. Finding that the comments made by Smith's supervisor, O'Neal, did not constitute direct evidence, it applied the *McDonnell Douglas* framework for evaluating claims predicated on circumstantial evidence. Applying the same framework, we agree with the district court that Smith has failed to demonstrate a prima facie case as to these two requisition numbers.

Comments only constitute direct evidence of discrimination when they are: "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Rubinstein v. Administers of Tulane Educ. Fund*, 218 F.3d 392, 400–01 (5th Cir. 2000). *See also Jackson*, 602 F.3d at 380 (same). Comments that do not satisfy these requirements are considered "stray remarks" and are alone insufficient to defeat a motion for summary judgment. *Jackson*, 602 F.3d at 380.

While we ultimately agree with the district court that neither comment offers direct evidence of discrimination, the comment expressing O'Neal's refusal to hire "tenured employees" presents a closer call and warrants further discussion. This comment was made within the relevant timeframe, by an individual with authority over the adverse employment

decision,[1] close in time to the complained-of adverse employment decision, and directly pertained to the employment decision at issue. *See Rubinstein*, 218 F.3d at 400–01. In fact, this comment expressly identified a class of employees whom O'Neal would *not* consider for the disputed employment position. The question, however, is whether that class is defined by *age* or merely *tenure*.

There are at least two reasons why "tenured employees" logically appears to be a euphemism for age. For one, the CSM position is not entry-level, but explicitly requires years of relevant managerial experience—so disqualifying an entire class of individuals on the basis of their seniority, or "tenure," seems unlikely. For another, O'Neal's proffered reason for excluding tenured employees—that they would be less "innovative" and fail to lead the "state of the art" facility "with the highest technology and equipment . . . in the right direction"—has nothing to do with seniority and everything to do with stereotypes about age.

Ultimately, however, "[d]irect evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). The term "tenured" is not synonymous with age, nor is the term generally recognized as an expression of ageism. *Cf.*, *e.g.*, *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005) ("[R]acial epithets undoubtably demonstrate

---

[1] AT&T challenges this element because another employee conducted an initial review of the applications and determined which ones to forward to O'Neal for final consideration. This argument fails. "In determining whether the individual making the remark had authority over the employment decision, consideration is not limited to statements by the person who officially made the decision." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 593 (Tex. 2008). *See also Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 229 (5th Cir. 2000) ("Age-related remarks are appropriately taken into account . . . even if uttered by one other than the formal decisionmaker, provided that the individual is in a position to influence the decision."); *Rubinstein*, 218 F.3d at 400–01; *Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d 467, 480 (Tex. App. 2013).

racial animus."); *Brown v. East Miss. Elec. Power Ass'n,* 989 F.2d 858, 861 (5th Cir. 1993) (noting that certain terms are "universally recognized opprobrium").  So for O'Neal's comment to constitute direct evidence of age discrimination, Smith would need to present evidence establishing that O'Neal intended "tenure" to mean age—for example, by presenting testimony from other AT&T employees demonstrating that the term "tenured" is commonly understood to be code for "age" within the company.  Absent such evidence, we must presume that O'Neal believes that tenured CSR employees simply possess the wrong kind of experience, regardless of their age.  We therefore agree with the district court that this comment does not constitute direct evidence of employment discrimination.

Next we apply the *McDonnell Douglas* framework for analyzing discrimination claims based on circumstantial evidence.  Our court's precedent provides clear instruction:  "In an age discrimination, failure to promote case, the employee must demonstrate that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired."  *Medina v. Ramsey Steel Co. Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).  The district court found that Smith is unable to establish the fourth element "[b]ecause several of the applicants hired for R#1831676 and R#1902620 were over forty and very close in age to Smith."  Smith does not dispute this fact, instead arguing on appeal that these older employees were already CSMs and being transferred from other facilities—and thus not similarly seeking a promotion.  But not only did Smith fail to raise this argument before the district court, he does not support it with record evidence on appeal.  *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).  Accordingly, we agree with the district court that Smith's failure to satisfy this last element is fatal to his prima facie claims as to R#1831676 and R#1902620.

No. 21-20366

\* \* \*

Because we find that Smith has failed to exhaust his administrative remedies as to R#1942838 and failed to establish a prima facie case as to R#1831676 and R#1902620, we affirm the district court's grant of summary judgment.