# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

No. 25-20264

Valerie Prevost,

*Plaintiff—Appellant*,

*versus*

City of Houston, *Legal Department* Labor and Employment,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4115

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

From 1993 to her retirement in 2022, Valerie Prevost was an administrative specialist in Houston's Office of Emergency Management (OEM). After her retirement, she filed an employment lawsuit against Houston, alleging theories of discrimination based on her religion, age, and disability. Because her claims are all either unexhausted or insufficiently supported, the judgment of the district court is AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20264

I.

Prevost works in a "high security" gated facility.  In 2017, Prevost began suffering from disabilities, and her supervisor allowed her husband to drive through the gate and drop her off close to the door.  This arrangement continued until 2021, when a security breach prompted OEM to change its protocols for entry onto the secure grounds.  The new policy required all employees being dropped off at the entrance to submit a copy of the vehicle operator's driver's license and the vehicle make, model, color, and license plate number.  Each time the vehicle arrived at the gate, the driver would then simply show the security guard his driver's license.  OEM affirmed that it would continue to allow Prevost's husband access to the facility to drop her off near the building entrance as long as he followed the same security procedures as everyone else.  No exceptions to this simple security regulation were granted to anyone.  Prevost objected to the new security arrangement, declined to provide her husband's driver's license, and informed OEM that she had "no further interest" in having her husband drop her off at the door.  On October 8, 2021, Prevost fell as she was walking to the door of the building.

On May 22, 2022, Prevost informed the City that she would retire on August 31.  On December 22, 2022, Prevost filed a charge of discrimination with the Equal Employment Opportunity Commission, claiming she was forced to retire because Houston denied her accommodation request to be dropped off at the door of the facility.[1]  In her charge, she complained about being unable to be dropped off in front of the building.  She did not allege

_____

[1] On January 10, 2023, Prevost inexplicably filed an identical amended EEOC charge.

other facts.[2]  Her charge contains conclusory allegations of discrimination based on her age and religion, but Prevost did not include any facts to establish these claims.  On July 24, 2023, the EEOC dismissed Prevost's charge and granted her the right to sue.  Prevost then filed suit in federal district court.

After both parties filed motions for summary judgment, the magistrate judge recommended that summary judgment be awarded in favor of Houston.  The magistrate judge's memorandum noted that most of Prevost's claims are barred because she failed to exhaust administrative remedies for all claims except for the sole issue of gate access.  Furthermore, the magistrate judge ruled that Prevost did not establish a prima facie case of discrimination or retaliation under the ADA, the ADEA, or Title VII.

The district court adopted the magistrate judge's recommendation and dismissed the case with prejudice.

Prevost timely appealed.[3]

## II.

"This court reviews a district court's grant of summary judgment, including on cross-motion, *de novo.*"  *Willis v. Barry Graham Oil Serv., L.L.C.*, 122 F.4th 149, 153 (5th Cir. 2024).  "Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to

---

[2] Prevost's brief does not contain a fact section.  In district court, she raised a litany of employment-related issues spanning many years.  However, these issues are irrelevant to this appeal because they have not been administratively exhausted.

[3] An appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies."  FED. R. APP. P. 28(a)(6) and (8)(A).  Prevost's brief does not meet this requirement, and "[f]ailure to comply with the rules of this court regarding the contents of briefs can be grounds for dismissing a party's claims."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam).

any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 154 (quoting FED. R. CIV. P. 56(a)).

## III.

Most of Prevost's claims are barred because she failed to exhaust her administrative remedies. For her sole unexhausted claim, she fails to successfully make out a prima facie case of discrimination.[4]

### a.

"To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust [her] administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). "[T]he crucial element of a charge of discrimination is the factual statement contained therein." *Id.* at 379 (quoting *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982)). The only facts contained in Prevost's charge relate to her gate access claim. Therefore, she failed to exhaust her other claims, and they are barred.

### b.

Prevost has not shown that her employer's gate access restrictions amounted to discrimination under Title VII, the ADEA, or the ADA. "Cases of discrimination based on circumstantial evidence are subject to the *McDonnell Douglas* burden-shifting analysis." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004). "To survive summary judgment under *McDonnell Douglas,* the plaintiff must first present evidence of a prima facie case of discrimination." *Id.* "If the plaintiff presents a prima facie case,

---

[4] Prevost also alleges that the Magistrate Judge was biased against her. Prevost's argument is frivolous and does not merit extended review, except to affirm the district court's finding that Prevost's argument is "entirely unavailing."

discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action." *Id.* "If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext." *Id.*

To establish a prima facie case of discrimination under Title VII, the plaintiff must prove that she "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). Prevost cannot establish the fourth prong because all employees were subject to the same, simple gate access policy. All her husband—and any other person dropping off an employee at work—had to do to gain access to the secure complex was present a driver's license to the gate guard. The fact that she and her husband voluntarily chose not to comply with this sensible security regulation does not establish discrimination.

To establish a prima facie case of discrimination under the ADEA, a plaintiff must prove that "(1) [she] was discharged; (2) [she] was qualified for the position; (3) [she] was within the protected class at the time of discharge; and (4) [she] was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." *Dabbasi v. Motiva Enters., L.L.C.*, 107 F.4th 500, 505 (5th Cir. 2024) (quoting *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010)). Prevost cannot establish that the OEM's gate access policy discriminated against her on the basis of her age. All employees, regardless of age, were subject to the same gate access policy, and all employees could

be dropped off near the door if the driver of the car merely presented a driver's license to the gate guard.

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) [she] has a disability or was regarded as disabled; (2) [she] was qualified for the job; and (3) [she] was subject to an adverse employment decision because of [her] disability." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019). As with the above theories of discrimination, Prevost's claim under the ADA fails as well. As with any other employee, she was able to be dropped off in front of the building, provided that the driver of her car present a driver's license to the gate guard. Notably, this is not a failure-to-accommodate case, as Prevost never submitted any requests for an ADA accommodation. Even if she had, an accommodation would not have been necessary because the OEM allowed all employees to be dropped off near the entrance if they followed the standard security procedure.

To establish a retaliation claim under all three statutory schemes, a plaintiff must demonstrate "(1) she participated in a . . . protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Prevost fails to establish any causal link between her complaints of discrimination and any adverse action. The record demonstrates that OEM took Prevost's complaints seriously and promptly forwarded them to the Office of Inspector General. Furthermore, the record is devoid of any evidence that there was a connection between Prevost's complaints and any hypothetical adverse action, such as her retirement.

No. 25-20264

For the foregoing reasons, the district court's judgment is AFFIRMED.